FRANK BERKEY, Plaintiff, v. W. G. THOMPSON, JUDGE, Defendant, and E. LEFEBURE AND SONS, Appellants.

**Re-taxation of costs:** JURISDICTION OF LOWER COURT. The right to recover costs is to be determined by the judgment, and during the pendency of an appeal the district court has no jurisdiction to modify or correct the same, and generally has no authority in an equity action to pass upon a motion to re-tax after an appeal has been taken.

**Same.** The district court has no jurisdiction to tax the costs of printing an appeal or the fees of the clerk of the supreme court.

**Taxation of costs:** EXPENSE OF TRANSCRIPT. The expense of preparing a translation of the shorthand reporter's notes for use on appeal should ordinarily be taxed by the appellate court; and so long as the case is pending on appeal the district court has no jurisdiction to tax any costs which may be taxed in the supreme court.

**Certiorari:** TAXATION OF COSTS. Where the trial court is without jurisdiction or acts illegally in the taxation of costs, its rulings may be reviewed on *certiorari*.

SATURDAY, JANUARY 14, 1905.

ORIGINAL proceedings by certiorari to review the action of the defendant judge in taxing the costs of a translation of the short-hand reporter's notes for an appeal to the plaintiff. — *Annulled.*

*Read & Read,* for plaintiff.

*Voris & Haas* and *C. T. Jones,* for defendants.

DEEMER, J.— This proceeding grew out of the case of *Berkey v. Lefebure,* 125 Iowa, 76. An opinion was filed in that case affirming the judgment of the court below in favor of plaintiff, Berkey, save as to a modification of the amount of recovery to the extent of $51. Pursuant to the opinion rendered, the clerk of this court taxed all the costs to the plaintiff. Thereupon, and upon June 13, 1904, plaintiff filed a motion to retax all costs in this court to the defendants and appellants. That motion was sustained. On June 7, 1904, plaintiff gave notice of intention to file a petition for rehearing, and this was followed in due season by a petition. After the ruling on the motion to retax costs was made, a *procedendo* was inadvertently issued to the district court, which was filed therein June 14th. This should not have been done, on account of the pendency of the petition for a rehearing. On June 15, 1904, defendants in the main suit filed a motion in the district court asking that the costs of the transcript of the shorthand reporter's notes and certain other items of cost be taxed to the plaintiff. To this plaintiff appeared, and filed a resistance, and affirmatively asked the taxation of certain costs in his favor. In this resistance plaintiff challenged the jurisdiction of the district court to make any order with reference to the costs of the shorthand reporter's transcript, and pleaded the ruling of this court in passing upon the motion to retax as a bar. After hearing the motion to retax, the trial court made an order taxing the costs of the translation of the notes to plaintiff, and sustained the other division of the motion to retax in part only. A writ of *certiorari* was issued from this court to review the action of the district court in taxing the costs of the translation of the shorthand reporter's notes to the plaintiff.

Conceding *arguendo* that, notwithstanding an appeal to this court which does not question the general order for the payment of costs, the district court has jurisdiction to enter-

**1. RETAXATION OF COSTS: jurisdiction of lower court.** tain a simple motion to retax, which involves nothing but a mistake of the clerk, due to omission or miscalculation, yet the right to recover costs is determined by the judgment, and so long as the appeal is pending the district court has no jurisdiction to modify or correct the same; nor, as a general rule, has the district court any jurisdiction or authority in an equity case, after an appeal to this court, to pass upon a motion to retax. *Levi v. Karrick,* 15 Iowa, 444.

But there are certain items of cost over which the district court has no jurisdiction. It cannot in any manner

**2. SAME.** control costs to be taxed in this court. It has no jurisdiction over the costs of printing, or of the fees of the clerk of this court. To so hold would result in an unseemly conflict of authority, which must at all times be avoided.

Defendants concede in their motion that a translation of the shorthand reporter's notes was necessary to the presentation of their appeal, and that it was not needed for any

**3. TAXATION OF COSTS: expense of transcript.** other purpose. After the same was prepared, and used upon the appeal, and the case had been determined, this court adjudged that all costs of the appeal should be paid by the defendants, notwithstanding the slight modification of the judgment in their favor. True, the expense of the translation was not among the items taxed by the clerk of this court, but there is no authority for taxing it in the district court under such a state of facts as here appear. Code, sections 3875, 4142. Defendants were notified of plaintiff's motion in this court to retax, and were advised of the ruling thereon. Indeed, the certificate of the clerk of this court which was returned to the district court showed that the costs were, upon motion to retax, taxed to the defendants. That the expense of procuring a translation

of the shorthand reporter's notes should ordinarily be taxed in this court, is directly decided in *Palmer v. Palmer,* 97 Iowa, 454. See, also, section 104 of the rules of practice of this court. At any rate, so long as the cause is pending in this court, as this one was, in virtue of the notice of and the petition for a rehearing, the district court had no jurisdiction over costs which might be taxed here. Code, sections 3875, 4142, and rule 104, *supra.* Moreover, this court had already determined that all costs of the appeal, which, of course, included all costs that might properly be taxed here, should be paid by defendants, and, if the rule contended for by them should gain a foothold, we would lose all control over the taxation of costs in this court, and parties might relitigate that issue after appeal and order here. This, of course, cannot be correct practice.

But it is said that, as the district court had jurisdiction to act on part of the motion, its ruling on the item now in controversy cannot be selected out and made ground for the issuance of a writ of *certiorari;* that appeal is

**4. CERTIORARI:** taxation of costs.

the only proper remedy. An examination of the record discloses that defendants' motion in the district court was in two parts — one to tax the costs of the translation of the shorthand reporter's notes, to which the objections noted were filed; and the other to retax certain items. The two parts were separate and distinct, were bottomed on distinct and different grounds, and were, in effect, separate motions. Of one we may assume the district court had jurisdiction, but of the other it manifestly did not have. No complaint is made of the ruling on that part of the motion to retax, and we have no occasion to consider its correctness. The part wherein the court was asked to tax costs was not within the jurisdiction of the trial court. Of course, the question of jurisdiction may in many cases be raised by appeal, but such remedy is not exclusive. If the trial court has no jurisdiction, or it has acted illegally,

its rulings may be corrected on *certiorari.* *Porter v. Butterfield,* 116 Iowa, 725.

Assuming, however, for the purposes of the case, that the trial court had jurisdiction of the motion because part of it was proper to be considered, yet in overruling the action of this court in the matter of taxing the costs of the transcript it acted illegally, and its ruling thereon may be reviewed by *certiorari.* One may not select one merely erroneous ruling out of many, and have it reviewed by this court on *certiorari,* especially where there is a plain, speedy, and adequate remedy by appeal; but where the motion embraces distinct parts, upon some of which the district court has no jurisdiction, or upon which it acts illegally, there is no reason why such rulings may not be reviewed. *O'Hare v. Hempstead,* 21 Iowa, 33, does not announce a contrary doctrine. Here there is no dispute as to the facts, no conflict of evidence to review, nothing but a question as to the power and authority of the court to act in the premises. Such ruling may be reviewed by *certiorari.* *Edgar v. Greer,* 14 Iowa, 211; *Clary v. Hoagland,* 5 Cal. 476. The trial court had no authority to order the expense of the translation of the shorthand reporter's notes taxed to the plaintiff, as it was without jurisdiction over this part of the motion. Its order with respect thereto is therefore annulled and set aside.— *Annulled.*