JOHN SUTTON, Appellee, v. C. G. MORELAND, Appellant.

No. 41084.

338

Clifford B. Paul, for appellant.

James E. Remley, for appellee.

ALBERT, J.—The injured party in this action claiming damages was Frank S. Sutton, who was a minor at the time of the accident. The action was instituted by his father as his next friend, but before the case was disposed of, the son became of age and was substituted as the real plaintiff, and we will refer to him as plaintiff in this opinion.

State Primary road No. 117 is a paved highway running east and west and passing through the towns of Wyoming and Anamosa, the latter being the westerly of the two. At a point on this road about five or six miles west of Wyoming, another primary road, known as No. 38, runs south through the town of Olin in the same county. The north end of No. 38, however, is at the point where it reaches primary road No. 117. No. 38 is a graveled road, and about three or four hundred feet south of the pavement on No. 117, No. 38 forks, one fork running northeast and the other northwest, to make the connection with primary No. 117. The distance on primary between the point where these forks connect with 117 is about 350 feet.

On August 6, 1930, the town of Wyoming was celebrating a "Diamond Jubilee," and about ten o'clock of that night, the plaintiff and four others were riding in a Ford touring car to Wyoming to attend such celebration. The car was owned and driven by one Albert Wink, and plaintiff was riding on the right side of the back seat. They were traveling east on No. 117 when their car collided with a car owned and driven by the defendant, G. C. Moreland. The collision occurred near the point where the east fork of No. 38 joins with primary No. 117. The defendant, Moreland, was coming from the east on the north side of the road on his way to his home at Olin, some miles south of No. 117. In changing his direction, he crossed the path of the car in which the plaintiff was riding, which was then traveling in an easterly direction on the south side of the road, and the car in which plaintiff was riding struck Moreland's car.

There is the usual dispute in the testimony as to whether the defendant gave a signal, or under the law, was bound to give a signal, of his change of direction, and whether there was negligence on the part of Moreland which was the proximate cause of the injury, and other incidental questions growing out of such a situation. These were all questions for the jury, and in so far as the contentions of the appellant are concerned, are not here for review.

I. The first complaint urged on the part of the appellant is that his (defendant's) theory of the case was that when he reached the point in controversy he believed, as a reasonably prudent man, that while he saw the car in which plaintiff was riding, he had sufficient time to cross in front of it and avoid the collision.

Of course, every intelligent lawyer in a case has a theory of his case, and the theory thus entertained by him, if it is made known to the court, should warrant the court in instructing on that theory if the theory is legally correct. Passing the question as to whether or not appellant's theory was correct,—and assuming it was,—if he desired such theory to be submitted by the court in the instructions, he should have requested the court so to do; but not having called his theory to the court's attention by a requested instruction, he is not in a position to complain because no such instruction was given. Under the issues as made by the pleadings, so far as this question is concerned, the court

covered the issues thus made, and that was all that was required of him, in the absence of a request by the plaintiff for further instructions.

■ II. The next question urged on our attention is instruction No. 12 which reads as follows:

"If you find from the evidence that at the time and place of the accident, the plaintiff was riding in what is called the 'Wink car' as an invited guest of the owner and driver of said car, and that he, the plaintiff, neither had nor assumed any right to direct or control the driver of said car, and did not in any manner control the management, operation or course of said car or its driver, then, although you may believe that the driver of the Wink car was guilty of contributory negligence at the time of the accident, his negligence can not be imputed to the plaintiff."

The complaint lodged against this instruction is that there was no evidence in the case showing that the plaintiff was the "invited guest" of the owner and driver of the car. We do not think the defendant is in a position to complain as to this instruction. The purpose of the same was to protect the defendant from liability on account of the negligence of the driver of the car; in other words, it told the jury that the negligence of the driver of the car could not be imputed to the plaintiff. We do not think prejudicial error occurred from the giving of this instruction.

■ III. Complaint is also lodged against instructions Nos. 5 and 6. These instructions deal with the question of which car had the right-of-way at this intersection, and the only complaint against them is that they told the jury that a failure to observe the law as to the right-of-way at this intersection was negligence, and no such ground of negligence was pleaded by the plaintiff.

We turn therefore to the plaintiff's petition, as amended, and find, among other allegations, the following:

"That at said time and place, defendant, in a careless, reckless and negligent manner, suddenly drove his car across the left side of the road going west on primary road 38, directly in front of the car in which plaintiff was riding, without warning or indicating in any manner that he was going to do so. That

said negligent operation of defendant's car caused a collision between the car plaintiff was riding in and defendant's car, with such force and violence that plaintiff, Frank S. Sutton, was severely and seriously injured as hereinafter set out, * * * and that defendant was then and there negligent, careless and reckless in the following particulars:

"(1)  * * *

"(2)  In suddenly turning said automobile directly in front of the car in which plaintiff was riding, without warning or alarm.

"(3)  In turning his car from the right side of the highway across the left side of the highway in front of the car in which plaintiff was riding so that said collision occurred."

By way of amendment he alleges:

"That the defendant was traveling on the right side of the highway, going west, at a rate of speed of approximately thirty-five miles per hour, and without indicating that he was going to cross the left-hand side of the highway and enter the 'Y' leading to highway No. 38, and without slacking his speed, defendant drove his car suddenly and without warning of any kind, directly in front of plaintiff's car, which was driving on the right-hand side of highway No. 117, traveling east. That the defendant failed to continue on the right-hand side of the highway until the car in which plaintiff was riding had passed, so as to avoid an accident, or stop his car entirely."

It is to be remembered that the system of pleading adopted under the Iowa Code 1931, Chapter 491, section 11111, provides that four things are required to make a petition:

"1.  The name of the court and county in which the action is brought.

"2.  The names of the parties to the action, plaintiffs and defendants, followed by the words, 'petition at law' or 'petition in equity,' as the case may be.

"3.  A statement of the facts constituting the plaintiff's cause of action.

"4.  A demand of the relief to which the plaintiff considers himself entitled," etc.

342

The pleading, therefore, under our practice, is purely a requirement that the plaintiff must state the facts on which he relies for recovery, and if he does so state the facts, then all conclusions of law which arise from such statement of facts are for his benefit. If, therefore, the plaintiff in his petition states sufficient facts from which the law will hold actionable negligence, he has stated a cause of action, and whatever conclusions of negligence flow from such statement of facts are for the benefit of the pleader, and he is entitled to claim as many grounds of actionable negligence as flow from such statement of facts. Huddy Cyclopedia of Automobile Law, Vol. 15-16, 9th Ed., p. 173 to 182 inclusive.

Applying this rule to the facts set out in plaintiff's petition, we feel that the court was warranted in submitting the question covered by instructions 5 and 6 of which complaint is made, and it did not err in so doing.

■ IV. On the trial of the case, defendant moved the court to withdraw from the consideration of the jury the item of damages for permanent injury because the evidence did not disclose that the plaintiff was injured permanently. This motion was sustained, and the defendant now complains because the court did not specifically tell the jury in his instructions that they should not consider the question of permanent injury. Having once taken this question from the jury by sustaining the motion above referred to, we do not think the court was compelled to again take the question from the jury in his instructions.

■ V. The court properly admitted in evidence the doctor and hospital bills. It appears that hospital bill was in a lump sum of $72, and the patient boarded and slept in the hospital during this time. While the defendant admits $72 was a reasonable charge, he insists that it contained a charge for board while the patient was in the hospital for which he is not liable. This contention is based on the case of Vedder v. Delaney, 122 Iowa 583. The Vedder case did not involve a hospital bill, whereas in the instant case the hospital bill was shown to amount to $72 for 19 days. The objection thus made was not ruled on by the court, and the amount charged for board is not shown, and we do not deem it of sufficient importance to hold that the including of the board in the hospital bill was reversible error.

VI. One other question is urged on our attention. In in-

struction No. 13 the court allowed the jury to return a verdict for loss of time not exceeding $415. In this the appellant says there was error because the time lost by the plaintiff was only 118 days at $3 a day, which appellant says makes a total loss of $345. He is in error in his mathematics, for the amount thus calculated would be $354. He is wrong also in his contention in this respect, because the testimony shows the plaintiff was not able to work from the date of the injury, July 6th, to the date of the trial, which was December 4th, or 118 days. The testimony further shows that he would be unable to work for at least 30 days from the date of the trial, which, added to 118 days, makes 148 days, at $3 per day, amounting to $444. This exceeds the amount limited by the court on this item in the instruction given.

No other questions of importance are raised, and we are satisfied from the record that no error was committed by the court.— Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.