Eligius FRANZEN and Hannah
Franzen, Appellants,

v.

DEERE AND COMPANY, Appellee.

No. 68688.

Supreme Court of Iowa.

June 15, 1983.

R.L. Donohue of Donohue Law Office, P.C., West Union, for appellants.

David L. Riley of Lindeman & Yagla, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

This appeal involves application of the "discovery rule" to a statute of limitations issue in a products liability case. The trial court granted defendant's motion to dismiss plaintiffs' action on the ground that defendant's statute of limitations defense was established as a matter of law. We reverse and remand.

The principal question presented is whether it can be said as a matter of law that plaintiffs' action accrued more than two years before it was brought.

Plaintiffs commenced their action for damages on March 10, 1982. Their petition alleged that defendant had designed and manufactured a self-unloading forage box wagon which was defective in several respects and was neither fit for its intended use nor merchantable. Eligius Franzen al-

leged that on June 25, 1979, while working in the wagon, he sustained severe injuries as a result of the mechanism of the wagon; his wife Hannah alleged that she had sustained loss of her husband's consortium as a result of his injuries. Both alleged by amendment to their petition "that plaintiff did not reasonably discover the defects in said machine until January 1981." Defendant's motion to dismiss raised the bar of the two-year limitation of Iowa Code section 614.1(2), asserting that the petition on its face showed that plaintiffs' petition was filed more than two years after the accident.

The trial court sustained the motion to dismiss, without specifically addressing the applicability of the "discovery rule" raised by plaintiffs' amendment to petition. The court found that the plaintiffs' action accrued more than two years before it was brought and applied the two-year ban of Iowa Code section 614.1(2) to both theories under which plaintiffs seek recovery for personal injuries—strict liability in tort and breach of implied warranty.

Plaintiffs contend that the court erred (1) in failing to recognize the "discovery rule" under which their cause of action would not have accrued until they discovered or reasonably should have discovered the product's defects, and (2) in applying a two-year limitation rather than a five-year limitation to their theories of breach of warranty. We reverse on the first issue only, concluding (1) that the fact issue of reasonable discovery of the alleged defect, raised by plaintiffs' amended pleading, precluded granting of the motion to dismiss, but that (2) theories of recovery for personal injury based on strict liability in tort and breach of warranty are both subject to the two-year limitation of Iowa Code section 614.1(2).

■ I. The discovery rule, when applicable, provides that "[A] cause of action based on negligence does not accrue until plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it...." *Chrischilles v. Griswold*, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967).

In *Brown v. Ellison*, 304 N.W.2d 197, 201 (Iowa 1981), we held that the discovery rule is applicable to cases arising from express and implied warranties, noting exceptions not here present. We now hold that the discovery rule is applicable to actions for personal injury based on strict liability in tort as well as those based on breach of warranty, finding no meaningful distinction between the two theories with respect to the limitation questions here presented.

■ Under the discovery rule the statute of limitations can begin to run either when the injury is discovered or when by the exercise of reasonable diligence it should have been. The question might arise whether the limitation period should begin to run at the earlier or later of these two dates. In *Brown*, 304 N.W.2d at 200, we misspoke when we said the period would begin to run from the later of the two dates. We now believe and hold that the period should run from the earlier, not the later, of the two dates.

■ The party pleading an exception to the normal limitations period has the burden to plead and prove the exceptions. *Brown v. Ellison*, 304 N.W.2d 197, 200 (Iowa 1981); *Conklin v. Towne*, 204 Iowa 916, 920, 216 N.W. 264, 266 (1927). Plaintiffs pleaded that the defects in the machine were not reasonably discovered until January 1981, a date less than two years before they brought their action. Our "notice pleading" rule requires only a "short and plain statement of the claim", not the pleading of facts. Iowa R.Civ.P. 69(*a*). Whether plaintiffs have evidence to support their pleaded exception to defendant's limitation defense is a separate issue, but in ruling on defendant's motion to dismiss the court should have accepted as true the pleaded allegation. *Lamantia v. Sojka*, 298 N.W.2d 245, 247–48 (Iowa 1980). Upon remand defendant will have the opportunity to plead and prove its statute of limitations defenses, and plaintiffs may then attempt to establish their discovery-rule exceptions to such pleaded defenses. *See Baines v. Blenderman*, 223 N.W.2d 199, 203 (Iowa 1974).

II. Plaintiffs also contend that their claims based upon theories of breach of implied warranty (fitness for a particular use and merchantability) are subject to a five-year rather than a two-year statute of limitations. The trial court correctly held that the relevant statute is Iowa Code section 614.1, which in pertinent part provides:

> Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specifically declared:
>
> 1. ...
> 2. ... Those found on injuries to the person ..., whether based on contract or tort, ... within two years.

Whether plaintiffs' implied warranty claims be considered to be based on contract or tort, those claims like that alleging strict liability in tort are "founded on injuries to the person" and subject to the two-year period prescribed by Iowa Code section 614.-1(2). No Iowa statute provides a special longer limitation period for plaintiffs' claims of personal injury resulting from alleged breaches of implied warranty.

REVERSED AND REMANDED.