DUANE SMELSER ROOFING
COMPANY, Plaintiff,

v.

ARMM CONSULTANTS, INC.,
Defendant.

No. 83–CV–0496–DT.

United States District Court,
E.D. Michigan, S.D.

May 28, 1985.

Samuel W. Barr, Troy, Mich., for plaintiff.

Stephen M. Losh, Farmington Hills, Mich., for defendant.

## OPINION AND ORDER

FEIKENS, Chief Judge.

Defendant Armm Consultants, Inc. ("defendant"), moves for sanctions to be imposed against plaintiff Smelser Roofing Company ("plaintiff") pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant's position is that plaintiff's claim against it had no foundation in law and, accordingly, plaintiff's counsel did not sign the pleadings in good faith.

The facts of this case can be stated briefly. This action was brought by plaintiff, a subcontractor hired to construct the roof of a building owned by Aetna Life & Casualty Company ("Aetna"). Defendant, an expert consultant, inspector and roofing engineer, contracted with Aetna to inspect the roof construction and report to Aetna on the quality of plaintiff's work. Plaintiff alleged in its complaint that it was not paid because defendant made a negative report about the quality of plaintiff's work. Plaintiff sought recovery from defendant based on an alleged breach of defendant's contract with Aetna and the negligent performance of a duty owed to plaintiff. On May 4, 1983, I held that plaintiff had no cause of action against defendant and granted defendant's motion for summary judgment. This decision was affirmed by the United States Court of Appeals for the Sixth Circuit on November 14, 1984.

On January 15, 1985, defendant moved for sanctions against plaintiff's attorney, arguing that this action was so frivolous that attorney fees and a fine should be charged against plaintiff and its attorney. Plaintiff responds by arguing that I have no jurisdiction to consider this motion. Plaintiff's view is that jurisdiction was lost when the case was appealed to the Court of Appeals and was never regained because the Court of Appeals decided the case and did not remand it.

The general rule governing a District Court's continuing authority to act in a case after the filing of a notice of appeal was explained in *United States v. Holloway,* 740 F.2d 1373, 1382 (6th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 440, 83 L.Ed.2d 366 (1984): "It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *See also Griggs v. Provident Consumer Discount*

*Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam); 9 MOORE'S FEDERAL PRACTICE ¶ 203.11 (1985). Application of this rule is not always an easy matter. In some cases it is not altogether clear whether the motion before the District Court can be said to so involve the merits of the appeal that the District Court has no jurisdiction. In such cases, courts have tended to look to jurisprudential considerations to determine whether the District Court may exercise jurisdiction. *See, e.g., Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 956 (9th Cir.1983).

The motion now before me indisputably bears a strong relation to the merits of the appeal: the very basis for defendant's motion is that plaintiff's legal position was meritless. Similarly, the issue on which this case was appealed to the Court of Appeals was the validity of plaintiff's legal position. Hence, straightforward application of the general rule would lead to the conclusion that District Courts retain no jurisdiction to decide a motion seeking sanctions on the ground that plaintiff's claim was meritless.

Although there are no cases precisely on point, there are a number of cases considering the analogous question of a District Court's jurisdiction to award attorney fees after notice of appeal has been filed. Several of these cases hold that *during the pendency of the appeal* the District Court may consider a motion for attorney fees. *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955 (9th Cir.1983); *Obin v. District No. 9*, 651 F.2d 574 (8th Cir.1981). These decisions have been predicated on the desirability of avoiding piecemeal appeals and have emphasized that motions for fees should be resolved promptly by District Courts "so that any appeal by an aggrieved party from an allowance or disallowance of fees can be considered by this court together with any appeal taken from a final judgment on the merits." *Obin*, 651 F.2d at 583. *See also Masalosalo*, 718 F.2d at 957.

These cases do not suggest, however, that a District Court may consider motions for fees in a case such as this, where the motion is brought almost two years after the District Court has decided the case and two months after the Court of Appeals has affirmed that decision. In these circumstances, the prudential reason for permitting District Court jurisdiction is absent. A decision by the District Court comes too late to permit consolidation of appeals; on the contrary, consideration of a motion at this late date might very well result in the fragmented appeals that the *Obin* and *Masalosalo* decisions sought to avoid.

This situation was considered by the United States Court of Appeals for the Seventh Circuit in *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789 (7th Cir.1983). The Court held that the District Court had no jurisdiction to consider a motion for attorney fees after the Court of Appeals rendered its decision and docketed its mandate affirming dismissal of the action. The Court reasoned that the motion was "so inexorably bound to the underlying merits of the case that a party must bring a motion for fees and costs either before an appeal is perfected or during the pendency of the appeal on the merits." 697 F.2d at 793. After the appeal was decided "no case or controversy ... existed between the litigants" and the District Court was without jurisdiction to rule on the motion. 697 F.2d at 792.

The case before me has been decided by the Court of Appeals. In light of the general rule divesting District Courts of jurisdiction over issues involving the merits of an appeal, the prudential considerations that support adherence to this rule, and the decisions reached in analogous cases, I conclude that I have no jurisdiction to consider defendant's motion. Accordingly, the motion for sanctions is hereby DENIED.

IT IS SO ORDERED.