Eligius FRANZEN and Hannah Franzen, Plaintiffs,

v.

DEERE AND COMPANY, Defendant.

DEERE AND COMPANY, Applicant-Appellant,

v.

DONOHUE LAW OFFICE, P.C., Resister-Appellee.

No. 86–837.

Supreme Court of Iowa.

July 22, 1987.

David L. Riley, of Lindeman & Yagla, Waterloo, and Eric C. Rose, Moline, Ill., for applicant-appellant.

Scott D. Brown, of Brown, Kinsey & Funkhouser, Mason City, for resister-appellee.

WOLLE, Justice.

Much of the drama of this products liability case has already been played out in proceedings which led to two previous decisions of this court. *See Franzen v. Deere & Co.*, 334 N.W.2d 730 (Iowa 1983) (*Franzen* I); *Franzen v. Deere & Co.*, 377 N.W.2d 660 (Iowa 1985) (*Franzen* II). At issue in this third appeal is the defendant Deere and Company's application to require the plaintiffs' lawyer to pay the attorney fees Deere incurred in successfully defending the lawsuit and prosecuting the two appeals. Deere did not file its application in the district court until after we had affirmed summary judgment for Deere in *Franzen* II, and plaintiffs and their lawyer contended the application was filed too late to give the district court authority to decide the issue. The trial court rejected that

challenge to jurisdiction of this particular case, but after a plenary hearing the court found no merit in the application for attorney fees and dismissed it. On appeal Deere seeks to impose its attorney fees only on the plaintiffs' lawyer, dropping its claim against the plaintiffs themselves. We conclude the application was indeed filed too late to give the district court authority to act on it, and we therefore affirm.

Plaintiff Eligius Franzen was injured while using a Deere-manufactured forage wagon on June 25, 1979. The Franzens filed a damage action against Deere on March 10, 1982. In response to Deere's motion to dismiss asserting the action was barred by Iowa's two-year statute of limitations, Franzens amended their petition to allege that they did not discover the wagon's defect until January of 1981 notwithstanding due diligence on their part. The district court sustained Deere's motion to dismiss, but in *Franzen* I we reversed and remanded to allow Franzens the opportunity to present evidence supporting a discovery rule exception to the governing two-year statute of limitations. Iowa Code § 614.1(2) (1979); *see Franzen* I, 334 N.W.2d at 732–33. Following remand and completion of discovery, Deere moved for summary judgment based on its statute of limitations defense. The trial court granted the motion, and we affirmed that summary judgment in *Franzen* II, finding that the "record shows no genuine issue of fact supporting application of the discovery rule...." *Franzen* II, 377 N.W.2d at 661.

More than a month after the filing of our *Franzen* II decision, Deere filed in the district court its application requesting that the court require Franzens and their lawyer to pay the attorney fees incurred by Deere in defending the allegedly frivolous lawsuit. Deere presented two theories for recovery of its attorney fees: (1) the district court should order Franzens and their lawyer to pay the attorney fees as a sanction for violation of Iowa Rule of Civil Procedure 80(a); and (2) the district court should exercise its inherent power to tax the fees as costs. Franzens and their lawyer fought the application on several fronts, contending that it was filed too late to give the court authority to decide it and that it was otherwise entirely without merit.

We do not reach the substantive issues on which the district court found the application was without merit. We conclude at the threshold that the court was without authority to consider the application, because it lost jurisdiction of this particular case once the final judgment had been affirmed without remand in *Franzen* II.

Iowa Rule of Civil Procedure 80(a), as amended effective April 1, 1986, provides in pertinent part:

Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. If a motion, pleading, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Rule 80(a) serves the important purpose of discouraging parties and their counsel from filing frivolous lawsuits, motions, and pleadings. We adopted the rule in its present form in April of 1986, borrowing the wording of the last sentence concerning sanctions from Federal Rule of Civil Proce-

dure 11. We thereby served notice that trial courts should not and will not countenance misuse of pleadings, motions, or other court papers. The important last sentence of the rule is mandatory in character: "the court, upon motion *or upon its own initiative, shall impose*" appropriate sanctions for violation of the rule. Iowa R.Civ.P. 80(a) (emphasis added). This new language concerning sanctions, like the identical language of the federal rule, was intended to reduce the reluctance of courts to impose sanctions on parties and attorneys who violate their responsibilities to the court and other parties. The advisory committee note which accompanied amendment of the federal rule to include that last sentence states:

> Greater attention by the district courts to pleading and motion abuses and the impositions of sanctions when appropriate, should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.

Amendments to the Federal Rules of Civil Procedure, 97 F.R.D. 165, 198 (1983); *see* C. Wright, A. Miller & M. Kane, 5 *Federal Practice and Procedure* §§ 1331–34 (1986 Supp.).

The threshold issue in this case, however, is whether Deere filed its motion too late to give the court jurisdiction to consider it. Even though Deere based its rule 80(a) motion on information available to it when the district court heard its motion for summary judgment on December 3, 1984, Deere waited until January 20, 1986 to file its motion. Deere's belated filing deprived the district court of authority to decide the attorney fees issue.

Neither rule 80(a), its federal counterpart (Fed.R.Civ.P. 11), nor any other Iowa rule or statute sets a deadline for the filing of a motion to impose sanctions. The language of rule 80(a) does make clear, however, that such a request is to be filed in the lawsuit in which the violation allegedly has occurred, not in a separately filed action at law or in equity. The rule provides for entry of "an order to pay" which clearly means an order entered in the underlying case itself. Moreover, the district court may act "upon motion or upon its own initiative," strongly suggesting that the court's authority to take such action arises in the lawsuit in which the rule 80(a) violations have occurred.

 It follows that any motion or application to impose rule 80(a) sanctions must be filed while the underlying action is pending and before the court's authority to act on issues within that lawsuit expires. *See Rerat Law Firm v. Iowa Dist. Court,* 375 N.W.2d 226, 230 (Iowa 1985) (distinguishing jurisdiction of the particular case from subject matter jurisdiction and in personam jurisdiction). Ordinarily the authority of the district court to decide substantive issues in a particular case terminates when a final judgment is entered and post-judgment motions have been resolved. A final judgment, one that conclusively determines the rights of the parties and finally decides the controversy, creates a right of appeal and also removes from the district court the power or authority to return the parties to their original positions. *Snyder v. Allamakee County,* 402 N.W.2d 416, 418 (Iowa 1987); *Robco Transp., Inc. v. Ritter,* 356 N.W.2d 497, 499 (Iowa 1984). In the absence of a remand or procedendo directing further proceedings in the trial court, the jurisdiction of the district court terminates both as to the parties and the subject matter when a district court judgment has been affirmed. *Jersild v. Sarcone,* 163 N.W.2d 78, 79 (Iowa 1968); *see Dunton v. McCook,* 120 Iowa 444, 448, 94 N.W. 942, 944 (1903) ("So far as the questions at issue were concerned, the suit, upon affirmance, became a part of the irrevocable past.").

 While a district court retains jurisdiction during and after appeal from its final judgment to enforce the judgment itself, the district court does not have the authority to revisit and decide differently issues already concluded by that judgment. *See Kern v. Woodbury County,* 234 Iowa 1321, 1323, 14 N.W.2d 687, 688 (1944) (after affirmance of final judgment district court has inherent power to enforce judgment but not to render a new judgment). *See*

*generally* Restatement (Second) of Judgments §§ 18–26, at 151–250 (1982).

We hold that Deere's application to impose rule 80(a) sanctions, filed thirty-three days after we affirmed the final judgment of the district court in *Franzen* II, was filed too late to give the district court authority to consider it.

Based upon the same principles, we hold that the district court did not have authority to exercise its inherent power to tax attorney fees as costs. *See Berkey v. Thompson,* 126 Iowa 394, 396, 102 N.W. 134, 135 (1905) (district court has no authority after appeal to pass upon a motion to retax costs in an equity case).

We need not reach the question whether the district court lost its authority to impose rule 80(a) sanctions even before we had affirmed the final judgment in the case, such as when the final judgment initially was entered. We note that the advisory committee note concerning federal rule 11 states:

A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so. The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

97 F.R.D. at 200–01.

We do urge counsel, or the court on its own motion, to request sanctions at the earliest time rule 80(a) violations occur. The determination whether a party, or the party's lawyer, or both, have violated the rule is inextricably entwined with the determination of issues in the underlying action. Certainly the optimum time for considering and deciding whether to impose sanctions is a time soon after violations have occurred and not later than the entry of final judgment in the district court. Whenever practicable the judge who decides the merits of the underlying lawsuit should also decide whether to impose rule 80(a) sanc-

tions. Simultaneous determination of the merits of the underlying action and the merits of alleged rule 80(a) violations would permit all such related issues to be resolved in a single appeal. *See Duane Smelser Roofing Co. v. Armm Consultants, Inc.,* 609 F.Supp. 823, 824 (E.D.Mich. 1985). Here, Deere's delayed filing of its application for attorney fees deprived the district court of the opportunity to decide the rule 80(a) issues when they were ripe for final disposition. This third appeal was the unfortunate consequence of that delay.

Deere cites several cases from federal courts that have allowed parties to file and proceed with requests for imposition of attorney fees after entry of final judgment in the trial court. *See, e.g., Obin v. District No. 9 of the Int'l Ass'n of Machinists & Aerospace Workers,* 651 F.2d 574, 584 (8th Cir.1981) (collateral claim for attorney fees under civil rights statute may be filed after final judgment, may be decided by the district court during appeal, but should be decided promptly to avoid piecemeal appeals); *Knighton v. Watkins,* 616 F.2d 795, 797–98 (5th Cir.1980) (claim for attorney fees under 42 U.S.C. § 1988 is independent action and may be sought in district court after entry of final judgment). We note, however, that those cases Deere cites are inapposite because they concerned attorney fee awards under federal statutes that permit such a recovery as an independent proceeding supplemental to the original action.

This case is more akin to *Overnight Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789 (7th Cir.1983). There a district court ordered the plaintiff's attorneys to pay the defendant's attorney fees on the authority of 28 United States Code section 1927 (Supp.1981), which provides for imposition of excess costs, including attorney fees, on any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The defendant's motion, however, was not filed until twenty days after the judgment in the underlying action had been affirmed. The federal court of appeals reversed the attorney fee award, explaining that "delay and wasted effort" would be avoided if motions

for attorney fees and costs "inexorably bound to the underlying merits of the case" are filed "either before an appeal is perfected or during the pendency of the appeal on the merits." *Overnight Transp. Co.*, 697 F.2d at 793; *see Duane Smelser Roofing Co.*, 609 F.Supp. at 824 (applying similar reasoning to belated motion for attorney fees under Federal R.Civ.P. 11).

The district court had no authority to consider Deere's application for attorney fees when it was not filed until after our court in *Franzen* II affirmed the final judgment disposing of this case. On that ground we affirm the district court's dismissal of Deere's application.

AFFIRMED.

All Justices concur except CARTER, HARRIS, and LARSON, JJ., who concur specially.

CARTER, Justice (concurring specially).

I concur in the result because I believe the district court was correct in its conclusion that plaintiffs' claims were not frivolous. I do not agree with the conclusion drawn in this court's opinion that the district court has no authority to consider a claim under Iowa Rule of Civil Procedure 80(a) which is presented after the conclusion of the primary litigation.

It appears to me that it is preferable to withhold the filing of claims for sanctions under rule 80(a) until the primary litigation is finally concluded.

HARRIS and LARSON, JJ., join this special concurrence.