Margaret M. DARRAH, Appellee,

v.

DES MOINES GENERAL
HOSPITAL, Defendant,

and

Martin S. Rosenfeld, Appellant.

Mitchell OSTREM, Appellee,

v.

Martin S. ROSENFELD and N.K.
Pandeya, Appellants.

Nos. 87–1632, 88–176.

Supreme Court of Iowa.

Feb. 22, 1989.

David S. Wiggins of Marcucci, Wiggins
& Anderson, P.C., West Des Moines, for
appellants in both cases.

Kim A. Fields, Des Moines, for appellee
Darrah.

Neil A. Barrick and David J. Erbes of
Barrick Law Office, Des Moines, for appel-
lee Ostrem.

Considered by HARRIS, P.J., and
LARSON, SCHULTZ, CARTER and
SNELL, JJ.

SCHULTZ, Justice.

This consolidated appeal addresses whether a defendant's Iowa Rule of Civil Procedure 80(a) motion, made after plaintiff has voluntarily dismissed the case, was timely. In each case, the district court held that it lacked jurisdiction to rule on this motion. We disagree and reverse.

Two separate medical malpractice cases against physicians have been consolidated for this appeal. Plaintiff Margaret M. Darrah brought an action based on the medical care provided for a fractured wrist by defendant Martin S. Rosenfeld and a local hospital. The hospital is not a party in this appeal. Approximately one year later, she voluntarily dismissed her case. Twenty-three days after her dismissal, defendant filed a motion requesting sanctions. The district court denied the motion, stating that the plaintiff's voluntary dismissal terminated the court's jurisdiction to rule on this motion.

Plaintiff Mitchell Ostrem's medical malpractice claim arose out of treatment of his broken leg by defendants Rosenfeld and N.K. Pandeya. Despite a sixty-day extension to the normal period in which to designate expert witnesses, plaintiff failed to meet this deadline. Shortly thereafter plaintiff voluntarily dismissed his lawsuit. Nine days after the voluntary dismissal, defendant physicians requested sanctions under rule 80(a) for pleadings and motions filed by plaintiff that were not based on "a well founded belief that the plaintiff would be successful in this action." The district court, with a different judge presiding, similarly denied the motion.

Rule 80(a) mandates that all motions and pleadings must, to the best of counsel's knowledge and belief after reasonable inquiry, be well grounded in fact and either warranted by existing law or by a good

faith argument for the modification of existing law. It further provides:

> If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction....

The disagreement between these parties centers on the court's jurisdiction to rule on a rule 80(a) motion made after a voluntary dismissal of the lawsuit. Plaintiffs Darrah and Ostrem (hereinafter collectively referred to as plaintiff) contend that plaintiff's voluntary dismissal of the case, when defendant's pleadings are solely defensive, divests the court of jurisdiction. *See Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986); *Witt Mechanical Contractors, Inc. v. United Bhd. of Carpenters, Local 772*, 237 N.W.2d 450, 451 (Iowa 1976).

Defendants Rosenfeld and Pandeya (hereinafter collectively referred to as defendant) rely on analogous federal case law to assert that rule 80(a) is designed to be a deterrent to unnecessary and unfounded filings. Defendant urges that because the violation of rule 80(a) is complete upon the filing of the document, the court must necessarily retain jurisdiction to rule on violations despite plaintiff's voluntary dismissal, to act as an effective deterrence. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987).

The issue of timeliness of a rule 80(a) motion has been considered by this court only once before. In *Franzen v. Deere & Co.*, 409 N.W.2d 672 (Iowa 1987), we held that a motion requesting sanctions, filed after the case had been affirmed on appeal, was untimely to give the district court authority to consider it. *Id.* at 675. We recognized that rule 80(a) does not set a deadline for filing a sanction motion, but we held that a motion filed thirty-three days after the decision was affirmed on appeal was too late. We reserved the question of whether the court lost authority to impose sanctions earlier, such as at the time of final judgment. The present issue of the timeliness of motions filed shortly after the plaintiff's voluntary dismissal is a matter of first impression to us, however.

In considering the timeliness of such a motion, we believe that the termination of an action by final judgment differs greatly from the action's termination by a voluntary dismissal. A judgment is entered after a hearing and deliberation by the court. As we pointed out in *Franzen*, the court at the time of judgment is in a position to rule on the merits of the case and the motion for sanctions. *Id.* However, a plaintiff has an absolute right to dismiss the cause of action at any time before final submission of the case. *Witt*, 237 N.W.2d at 451. Common sense tells us that neither the court nor an adverse party generally will be in a position to determine whether a pleading is subject to a rule 80(a) sanction until after the completion of discovery. Even then, the violation may not be readily apparent until a later stage of the proceedings. If the plaintiff can terminate the ability of the court to impose sanctions by a voluntary dismissal, the rule's effectiveness would be significantly undermined. This problem is not present when a case proceeds to trial and final judgment.

Case law interpreting the federal counterpart to our rule 80(a) unanimously holds that the voluntary dismissal of an action does not deprive the court of jurisdiction to hear later-filed sanction motions. *See Szabo*, 823 F.2d at 1077–79; *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603–04 (1st Cir.1988); *Kurkowski v. Volcker*, 819 F.2d 201, 203 (8th Cir.1987); *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987). *See generally* 2A J. Moore & J. Lucas, *Moore's Federal Practice* para. 11.02[4] (2d ed. Supp.1988). The federal courts have advanced various rationales for their decisions. *Greenberg* focuses on the wasted resource expenditures by counsel and courts to respond to groundless complaints, regardless of whether plaintiff voluntarily dismisses the action. 822 F.2d at 885. *Szabo* also notes the needless use of resources, 823 F.2d at 1077, but goes on to elaborate that the sanction is for violating a rule of court, similar to contempt. *Id.* at

1079 ("The obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing this client's suit"). *Muthig* additionally notes that the deterrent purpose of the rule would be obscured if the trial court could not rule on such motions. 838 F.2d at 604.

We adopt the federal interpretation of the rule. Although plaintiff accurately states the general rule that voluntary dismissal divests the court of jurisdiction, we recognize an exception that retains the court's authority to adjudicate the collateral problem created by prior wrongful conduct of the dismissing party warranting rule 80(a) sanctions. In light of the sanction nature of rule 80(a), we believe the trial court must necessarily retain jurisdiction to rule on motions made shortly after voluntarily dismissal which are based on filings made while the case was still pending. We do not overrule *Franzen*, but merely limit it to its facts. We would also reiterate *Franzen's* warning that counsel, or the trial court on its own motion, should request sanctions at the earliest time rule 80(a) violations occur to facilitate judicial economy and effective determination of the issues. 409 N.W.2d at 675.

The trial courts in these actions erroneously determined that they were without jurisdiction to hear rule 80(a) motions. The cases should be remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

All Justices concur except CARTER, J., who concurs in result only.