**MANOR OF LAKE CITY, INC., Appellee,**

**v.**

**Edna HINNERS and Dean Hinners, Individually and as Trustee of the Edna Hinners Family Trust, Appellants.**

**No. 96–1786.**

Supreme Court of Iowa.

March 25, 1998.

Jerry C. Estes of Estes Law Offices, Fort Dodge, for appellants.

James L. Kramer of Johnson, Erb, Bice, Kramer, Good & Mulholland, P.C., Fort Dodge, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

Which party loses a claim that was overlooked in the instructions submitting a case to a jury? The clear answer is the party seeking recovery on that claim.

This is our second review in this suit brought by a residential care facility to collect for services to Edna E. Hinners. *See Manor of Lake City, Inc. v. Hinners,* 548 N.W.2d 573 (Iowa 1996). Following remand the trial court, on the basis of that opinion and the jury verdict returned in the original trial, entered judgment for the plaintiff facility. The defendant again appeals, this time claiming the verdict did not justify the judgment now entered. We agree that the theory of recovery reflected in the judgment now under challenge was not submitted to, or considered by, the jury. We are hence obliged to reverse and remand for dismissal of the claim against Dean Hinners as trustee.

Manor of Lake City, Inc. [hereinafter Manor] operates the Shady Oaks Care Center, a licensed residential facility in Lake City. It filed this suit against Edna and her son, Dean, individually and as trustee of the Edna E. Hinners family trust. The petition was in two counts. The first count alleged breach of contract against Edna and Dean for nonpayment of services. Although the petition makes it clear that Dean was sued both individually and as trustee, count I refers to him only by name. It might be argued that count I seeks recovery against Dean only in his individual capacity and not as trustee. Although the count's wording is somewhat unclear, we conclude that the petition sought recovery from Dean both individually and as trustee. It has to be read this way in order to preserve any claim for breach of contract against Dean as trustee. This is because, having named Dean as trustee as one of the defendants, plaintiff was compelled to combine all claims against him arising out of the transaction in one suit. *See Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d 143, 146 (Iowa 1983) (parties must litigate all matters growing out of claim at one time rather than in separate actions).

The second count claimed Dean had fraudulently conveyed the trust farm to himself, resulting in the trust's inability to pay Edna's bill. The second count raised two issues. The first was whether Manor, as provider of necessary services to Edna, could reach her beneficial interest in the trust in order to satisfy its outstanding bill. If so, the second issue was whether Manor could maintain an action against Dean as trustee for breach of duty in transferring the sole asset of the trust. After the parties completed their offer of evidence count II was withdrawn from the jury. Count II was submitted to and decided by the court.

As to count I, summary judgment in the amount of $28,573.56 was entered prior to trial in favor of Manor against Edna, leaving the claims against Dean individually and against Dean as trustee. In the jury trial that followed, the focus narrowed to the matters mentioned in our prior opinion. The breach-of-contract claim against Dean as trustee was ignored. The claim against him

individually (the one reviewed in our prior opinion) was submitted, but the claim against him as trustee was not. This is apparent from Jury Instruction 1, which read:

> The sole issue which you must decide is whether Dean Hinners has breached a contract with the plaintiff. He denies any personal liability under the agreement for payment of his mother's nursing home bill and claims that he signed the agreement solely as her power of attorney.

The verdict form omitted any claim against Dean as trustee. It read:

> Question No. 1: Did defendant Dean Hinners breach a contract with the plaintiff?
>
> Question No. 2: Did defendant's breach cause the plaintiff any damages?
>
> Question No. 3: To what amount is plaintiff entitled as a result of defendant's breach?

Following remand the trial court stated "the verdict did not differentiate the status of Dean Hinners," but it "presumed that the jury considered Mr. Hinners in both his individual and trustee capacities." We think this is too generous a reading of the instruction and verdict, which we think clearly omitted any recovery against the trustee. So Manor's claim against Dean as trustee should also have been submitted for jury consideration.

█ It was not the responsibility of Dean to point out that Manor's claim should be submitted to the jury in both capacities. It is always the responsibility of a claimant's counsel to shepherd the claim through trial to submission. This responsibility is especially heavy at the time the jury is instructed. We long ago said:

> Of course, every intelligent lawyer in a case has a theory of his [or her] case, and the theory thus entertained ..., if it is made known to the court, should warrant the court in instructing on that theory, if the theory is legally correct. Passing the question as to whether or not appellant's theory was correct—and assuming it was—if [counsel] desired such theory to be submitted by the court in the instructions, [counsel] should have requested the court so to do, but, not having called [the] theory

to the court's attention by a requested instruction, [counsel] is not in a position to complain because no such instruction was given.

*Sutton v. Moreland,* 214 Iowa 337, 339, 242 N.W. 75, 77 (1932). Our view on who must win and who must lose in such a situation remains unchanged. *See Pundzak, Inc. v. Cook,* 500 N.W.2d 424, 431 (Iowa 1993); *Woods v. Schmitt,* 439 N.W.2d 855, 869 (Iowa 1989).

The record does not disclose whether Manor has collected—or can collect—on its summary judgment entered against Edna personally. That judgment is not involved in this appeal. Under our holding in the prior appeal however, Manor's judgment against Dean personally was dismissed. Under the foregoing authorities Manor's judgment against Dean as trustee must also be dismissed. The judgment of the trial court is reversed and the case is remanded for entry of judgment accordingly.

**REVERSED AND REMANDED.**