Kathleen WATERHOUSE, Surviving Spouse of Creg R. Waterhouse, Plaintiff,

v.

IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.

No. 97–1676.

Supreme Court of Iowa.

April 28, 1999.

Rehearing Denied May 25, 1999.

Richard A. Pundt of Pundt Law Offices, Cedar Rapids, Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids and Leslie E. Stokke, Cedar Rapids, for plaintiff.

J. Richard Johnson and Ann M. Cisco of White & Johnson, P.C., Cedar Rapids until

withdrawal and then Chris J. Scheldrup and Cynthia Scherrman Sueppel of Moyer & Bergman, Cedar Rapids, for defendant.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

HARRIS, Justice.

The question is whether a workers' compensation insurer lost its statutory right to seek indemnity during prior litigation and an appeal which addressed only whether there was any workers' compensation coverage. The district court held the right to indemnity was not lost and we agree.

The underlying facts involved in the prior litigation were detailed in *Waterhouse Water Conditioning, Inc. v. Waterhouse*, 561 N.W.2d 55 (Iowa 1997). Creg Waterhouse was fatally injured when he was struck by an automobile while riding his bicycle from his home to his employer's office. His widow, Kathleen Waterhouse, filed a claim for workers' compensation benefits against the employer, Waterhouse Water Conditioning, Inc., and its workers' compensation insurance carrier, Westfield Insurance Company. A deputy industrial commissioner denied benefits, concluding that Creg's death did not arise out of and in the course of his employment.

On Kathleen's appeal, the industrial commissioner reversed that decision and awarded benefits. The employer and its insurer sought judicial review. After the district court upheld the industrial commissioner's award of benefits, the employer and its insurer appealed, contending Creg's death was not compensable because the circumstances of the case fit within the "going and coming" rule. We affirmed the award of benefits. 561 N.W.2d at 60. A routine procedendo was issued to the district court which stated: "You are hereby directed to proceed with diligence and according to law in the same manner as if there had been no appeal." Thereafter the district court, returning to the issue that had been set aside while the question of coverage was resolved, remanded the matter to the industrial commissioner for the determination of the insurer's right to indemnity under Iowa Code section 85.22(1) (1997).

Indemnity was sought from Kathleen's recovery against the driver who struck Creg. The surviving spouse then petitioned for writ of certiorari, challenging the district court's remand of the matter to the industrial commissioner. The petitioner asserts the district court lacked authority under the circumstances to explore the insurer's right to indemnity. We granted the writ.

■ I. We examine a district court decision rendered in an appellate capacity for correction of errors at law. *Christensen v. Snap–On Tools Corp.*, 554 N.W.2d 254, 257 (Iowa 1996). Illegality exists when the court has not applied the proper rule of law. *Shannon v. Hansen*, 469 N.W.2d 412, 414 (Iowa 1991).

■ Preliminary principles are well-settled. After a final judgment has been entered in district court, that court no longer holds the power or authority to return the parties to their original positions. *Snyder v. Allamakee County*, 402 N.W.2d 416, 418 (Iowa 1987). A judgment is final if it conclusively determines the rights of the parties and is finally decisive of the controversy. *Id.* In the absence of a remand or procedendo directing further proceedings in the trial court, the jurisdiction of the district court terminates both as to the parties and subject matter when a district court judgment has been affirmed. *Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987). The district court retains jurisdiction during and after appeal from its final judgment to enforce the judgment itself, but the district court does not have the authority to revisit and decide differently issues already concluded by that judgment. *Id.*

II. The employer and insurer raised the indemnity issue before the deputy industrial commissioner but it was not considered because the issue became moot under the deputy's determination there was no coverage. Having won on the coverage issue, the employer had no reason to complain of the omission or ruling on indemnity when Kathleen appealed the coverage determination to the commissioner. The indemnity question was not thereafter considered in the district court's judicial review of the commissioner's reversal of the deputy, or on appeal to us,

because the indemnity issue would be moot unless there was coverage. But, for the reasons that follow, we think there was nothing to prevent the district court from considering the indemnity issue whenever it became appropriate.

■ The right of indemnity continues to exist even though not raised. *See Armour–Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d 142, 145 (Iowa 1983) (failure of lien does not prevent recovery on the obligation). Iowa Code section 85.22(1) specifically requires that employers and insurance carriers be reimbursed for any payments made to employees or their representatives. This includes future payments. *Shirley v. Pothast*, 508 N.W.2d 712, 718 (Iowa 1993).

■ The Restatement is instructive:

A judgment may be final for purposes of res judicata although it embodies an adjudication that does not bar the plaintiff from maintaining another action against the defendant on the same claim. In such a case there may be issue preclusion in another action between the parties on the same or a different claim as to issues that were decided as a basis for the judgment. . . .

Restatement of Judgments § 13, cmt. d, at 134 (1982). Even though this section relates to the requirement of finality in order to apply res judicata principles, it shows the decision on one issue does not necessarily preclude later consideration of other issues.

The present case is not a situation where an issue had been submitted by a party for consideration in district court and was thereafter overlooked. *See Manor of Lake City, Inc. v. Hinners*, 576 N.W.2d 592, 593–94 (Iowa 1998) (claim waived when, without objection, it was omitted from jury instructions). The insurer and the court here correctly viewed the indemnity issue as premature for submission and resolution until coverage had been resolved in the worker's favor.

■ It was appropriate for the district court to proceed in accordance with our procedendo's mandate "as if there had been no appeal." Accordingly the court had ample authority to remand the indemnity issue for the commissioner's consideration.

WRIT ANNULLED.