**IN THE COURT OF APPEALS OF IOWA**

No. 16-1282
Filed June 7, 2017

**IN THE MATTER OF THE ESTATE OF**
**RICHARD WILLARD LAMOUR, Deceased,**

**LESLEE HEIBERGER and LIZ KILBURG,**
        Appellants.
_____

        Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

        Two sisters, Leslee Heiberger and Liz Kilburg, appeal a district court order approving a final report and inventory of their father's estate. **REVERSED AND REMANDED.**

        Robert J. Murphy of Robert J. Murphy Law Office, Dubuque, for appellants.

        Dustin A. Baker of Baker Law, Dubuque, for appellee.

        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Two sisters, Leslee Heiberger and Liz Kilburg, appeal a district court order approving a final report and inventory of their father's estate. They claim the district court did not have authority to approve the final report in contradiction to a previous order entered by another district court judge. We find the second district court judge did not have authority to disregard a final judgment previously entered. Accordingly, we reverse and remand.

## I. Background Facts and Proceedings

Richard LaMour died on May 17, 2013, survived by four children, a son and three daughters. Richard's will appointed his son, Logan LaMour, as executor. Logan filed a report and inventory in December showing a gross estate of nearly $100,000. As executor, Logan requested a conversion to a small estate, which was granted.[1] Logan filed a request for executor fees of $8000, noting the probate inventory totaled $99,815.61. Two of Logan's sisters, Leslee Heiberger and Liz Kilburg, filed a resistance to the fee request. The district court awarded Logan $2994.47 in executor fees.

On March 27, 2014, Leslee and Liz claimed Logan had withheld additional assets from several estate accounts. In July, Logan filed a new report and inventory with assets totaling $675,688.09 and stated, "the total value of the estate . . . would be distributed equally among the heirs." At the end of July, Logan alleged improper filings by Leslee and Liz and requested additional expenses of $5112.12 to be paid from the sisters' shares. Judge Ackley

---

[1] Any estate with gross value under one hundred thousand dollars may be administered as a small estate upon petition. Iowa Code § 635.1 (2013).

approved the fees and ordered "this sum as well as any court costs attributable to the objections raised by Leslee and Liz shall be paid out of Leslee and Liz's shares." Leslee and Liz timely objected

On September 5, Logan again filed an application for executor fees calculated at $13,633.76 including an additional $5112.12, comprising mainly travel expenses from July. On October 28, Logan filed a final report showing all assets being divided equally. In November, Logan again requested extraordinary fees to be paid from Leslee and Liz's shares. On December 15, Judge Ackley approved a distribution of "approximately 50 percent" of the parties' share of the estate.

On April 28, 2015, the parties appeared before Judge Bitter for a hearing on three issues, the estate's attorney's request for extraordinary fees, the approval of Logan's report, and the district court's order assessing executor fees to only Leslee and Liz's shares of the estate. Logan again stated the decedent's intent was for all assets, including those held jointly, to be distributed equally among the children. On May 4, Judge Bitter entered an order approving the final report, indicating that all assets would be distributed equally, with two exceptions. First, Logan's travel expenses were to be included in the total executor's fee of $13,634, and second, the fees would be deducted from the estate as a whole, not only from Leslee and Liz's shares alone.

Logan did not file a final report until September 23. Even after such a lengthy delay, the final report did not conform to Judge Bitter's order. The report did not include any of the money in the jointly held accounts. Leslee and Liz again objected, and another hearing was held on January 21, 2016. The hearing

was scheduled with Judge Ackley, but after the start of the hearing, Judge Ackley determined Judge Bitter should preside; as a result, Judge Bitter finished the hearing. After this hearing, Judge Bitter entered an order stating, in part, "that previous ruling from the court stands," and requiring Logan to enter a final report consistent with the May 4, 2015 order. Judge Ackley also entered an order following the hearing. In her order, Judge Ackley spent considerable time admonishing the parties and disagreeing with the conclusions in Judge Bitter's order. However, Judge Ackley also stated Judge Bitter "gave final direction to the executor and that therefore shall be followed by the parties." Judge Ackley noted she was the administrative judge in charge of probate and "will continue to monitor this proceeding for closure. It is therefore expected that the final report will be filed, and this case shall be closed within sixty days."

On March 23, 2016, Logan filed a motion for clarification claiming the orders in the case were confusing on the issue of the jointly held accounts. Leslee and Liz again objected. Judge Ackley entered an order May 17, approving the September 23, 2015 final report, which did not distribute the jointly held assets, and stated she would "review this matter in thirty days for the entry of an order closing the estate." Leslee and Liz filed several motions in an attempt to stop the estate from being closed and secure the disbursement of the jointly held assets. Their attempts were overruled and their motions were denied by Judge Ackley.

Logan re-filed the September 23, 2015 final report on May 23, 2016. Again the sisters objected, but again Judge Ackley summarily denied all motions. The sisters now appeal.

## II. Standard of Review

The sisters urge a standard of correction of errors at law and abuse of discretion. *See In re Estate of Herron*, 561 N.W.2d 30, 31 (Iowa 1997). The cases they cite state the correct standard of review for an application for reopening an estate. However, "[a]ctions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity." Iowa Code § 633.33. We find this action does not fall within the categories triable at law, and therefore, shall be reviewed de novo.

## III. Final Judgment

Leslee and Liz claim Judge Bitter's May 4, 2015 order established a final judgment and, therefore, Judge Ackley did not have the authority to approve a final report contrary to Judge Bitter's instructions. "Every final adjudication of any of the rights of the parties in an action is a judgment." Iowa R. Civ. P. 1.951. A judgment is final if it is "one that conclusively determines the rights of the parties and finally decides the controversy." *Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987). Additionally, "the authority of the district court to decide substantive issues in a particular case terminates when a final judgment is entered and postjudgment motions have been resolved." *Id.* We do note "[t]he district court retains jurisdiction during and after appeal from its final judgment to enforce the judgment itself." *Waterhouse v. Iowa Dist. Ct.*, 593 N.W.2d 141, 142 (Iowa 1999).

Judge Bitter's May 4, 2015 order resolved the three contested issues in the case. The order further set the total fees for both the estate's attorney and the executor. Judge Bitter also ordered Logan to file an amended report in accordance with the ruling. We find Judge Bitter entered a final judgment in the case on May 4, 2015. Both Judge Bitter and Judge Ackley entered further orders after the second hearing requiring Logan to comply with the May 4 order. The order did require Logan to amend and file a final report, but we find this was simply a statement that jurisdiction was retained for the purpose of enforcing the judgment. Judge Bitter's order conclusively determined the rights of the parties. *See Franzen*, 409 N.W.2d at 674. Therefore, Judge Ackley did not have authority to approve a final report that did not comply with the May 4, 2015 order. Accordingly we reverse and remand.

**REVERSED AND REMANDED.**