**Robert J. HEARITY, Appellee,**

v.

**BOARD OF SUPERVISORS FOR FAYETTE COUNTY, Fayette County Attorney, Larry Woods, David Katsumes, Jeffrey Clements, Charles Hurley, W. Wayne Saur, Lois Miller, Merl McFarlane, Wayne Pape, Appellants.**

No. 87–1473.

Supreme Court of Iowa.

March 22, 1989.

Jay A. Nardini of Ball, Kirk, Holm & Nardini, P.C., Waterloo, for appellants Fayette County Atty. and W. Wayne Saur.

David J. Dutton and John J. Hines of Mosier, Thomas, Beatty, Dutton, Braun & Staack, for appellants Fayette County Bd. of Supervisors, Lois Miller, Merl McFarlane, and Wayne Pape.

Frederick G. White, Waterloo, and Larry F. Woods, Oelwein, for appellants Jeffrey Clements, Charles Hurley, David Katsumes, and Larry Woods.

Robert J. Hearity, Oelwein, pro se.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

This appeal involves motions for sanctions under Iowa Rule of Civil Procedure 80(a) with respect to the pleadings of plaintiff, Robert Hearity, in an action in the Iowa District Court for Fayette County. The district court denied these motions on the ground that they were not timely filed. Following our review of the legal issues presented and aided by the arguments of counsel, we reverse the district court's order.

On June 5, 1987, at the conclusion of the evidence in the underlying case, the trial court granted the motion for directed verdict which was presented by all of the defendants. On that same date, judgment was entered dismissing plaintiff's petition. That judgment has now been affirmed by this court in *Hearity v. Board of Supervisors,* 437 N.W.2d 903 (Iowa 1989), filed this date.

On June 17, 1987, defendant W. Wayne Saur individually and as Fayette County Attorney, filed a motion asking the court to impose sanctions against the plaintiff and his attorney pursuant to Iowa Rule of Civil Procedure 80(a). On June 25, 1987, defendants Larry Woods, David Katsumes, Jeffrey Clements, and Charles Hurley joined in the request for sanctions presented by defendant Saur. On June 26, 1987, plaintiff filed a notice of appeal from the final judgment entered in the case. On July 1, 1987, defendant Board of Supervisors and the individual board members also filed motions for rule 80(a) sanctions against plaintiff and his attorney.

On July 1, 1987, the district court filed an order indicating that it was without power to act on the motions for sanctions during the pendency of the appeal. This court then ordered a limited remand to the district court for purposes of permitting that court to consider and rule on the various motions for sanctions. On September 25, 1987, the district court, relying on our decision in *Franzen v. Deere & Co.,* 409 N.W.2d 672 (Iowa 1987), ruled that all motions for sanctions were untimely.

Defendants contend on this appeal that the theory under which *Franzen* was decid-

ed does not preclude the motions for sanctions in the present litigation. They argue that the *Franzen* holding was limited to the situation where an appeal has been decided prior to the filing of a request for rule 80(a) sanctions, and the case is affirmed without remand to the district court. They base this argument primarily on language in the *Franzen* opinion which states that "any motion or application to impose rule 80(a) sanctions must be filed while the underlying action is pending and before the court's authority to act on issues within that lawsuit expires." *Franzen,* 409 N.W.2d at 674.

Defendants note that in the present case, unlike *Franzen,* the action was remanded to the district court following the taking of the appeal. Moreover, as they stress in their argument, the express purpose of that remand order was to empower the district court to consider the pending motions for rule 80(a) sanctions.

In response to defendants' arguments, plaintiff contends that, if the motions for sanctions were untimely when filed, they may not be resuscitated by a limited remand order from this court. He asserts that *Franzen,* through its discussion of *Snyder v. Allamakee County,* 402 N.W.2d 416 (Iowa 1987), fixed the time for seeking sanctions so as to coincide with the time for filing posttrial motions under Iowa Rules of Civil Procedure 179(b) or 247.

■ Although we agree with plaintiff's suggestion that our limited remand order could not serve to revive motions which were already time barred, we do not find this to have been the case as to defendants' requests for sanctions. Iowa Rules of Civil Procedure 179(b) and 247 only establish the time for filing the postjudgment motions to which those rules apply. They do not establish a time period within which the district court loses jurisdiction for all purposes following entry of judgment.

The federal decision in *Overnite Transport Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789 (7th Cir.1983), which we discussed with some approval in our *Franzen* decision, held, as did *Franzen,* that once an

appellate court had rendered its decision and docketed its mandate affirming the district court's judgment the district court is without jurisdiction to consider motions for sanctions filed after the mandate has been docketed. The court recognized, however, that motions for sanctions under the federal rules could be filed after the final judgment and that they were not required to be filed within the ten-day period applicable to motions to alter or amend a judgment or for new trial.

■ As we have recognized in *Franzen* and the subsequent case of *Darrah v. Des Moines General Hospital*, 436 N.W.2d 53 (Iowa 1989), rule 80(a) does not fix a time period for requesting sanctions for violations of its proscriptions. Consequently, it becomes our task to determine whether defendants' motions for sanctions in the present case offend against the requirement that such motions must be filed expeditiously without undue delay. We think not. Our comments in *Franzen* concerning expeditious filing were, we believe, aspirational in tone. The many considerations which confront an advocate seeking to protect the best interests of a client militate against requiring that a motion for rule 80(a) sanctions be filed within a time frame shorter than the expiration of the time for appeal from the final judgment.[1] All of the motions for sanctions in the present case were filed within that time.

For the reasons stated, we reverse the order of the district court and remand the case to that court for further proceedings not inconsistent with our opinion.

REVERSED AND REMANDED.

---

**1.** The federal court in *Overnight Transport Co.,* 697 F.2d at 792–93, suggested that the right to file such a motion, postjudgment, may be cut off by the action of a party opponent in filing notice of appeal. We reject that view for much the same reason that prompted us to hold in *Darrah* that an opponent's voluntary dismissal will not preclude requests for rule 80(a) sanctions.