STATE of Iowa, Plaintiff-Appellee,

v.

Cheryl Ann DUMIRE,
Defendant-Appellant.

STATE of Iowa, Plaintiff-Appellee,

v.

Robert Linn TYLER,
Defendant-Appellant.

No. 88-698.

Court of Appeals of Iowa.

May 23, 1989.

William L. Wegman, State Public Defender, and Raymond E. Rogers, Asst. Public Defender, for defendants-appellants.

Thomas J. Miller, Atty. Gen., Mark Hunacek, Asst. Atty. Gen. and Linda A. Hall, Asst. County Atty., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Cheryl Ann Dumire and Robert Linn Tyler were convicted of operating while intoxicated (OWI) in violation of Iowa Code section 321J.2. Dumire pled guilty to OWI, second offense. Tyler pled guilty to OWI, first offense. Both defendants were sentenced to pay fines and serve time.

The State later filed motions to modify the sentence of each defendant asserting they had each been convicted three times for OWI and that a six-year license revocation was mandatory pursuant to Iowa Code section 321J.4(3)(a). The district court sustained the State's motions and modified the sentence of each defendant to provide for a six-year license revocation. Both defendants appealed from the order modifying their sentences, claiming the district court lacked jurisdiction to impose a six-year license revocation after final judgment had been entered. The two cases have been consolidated for appeal.

Defendants assert the district court lacked jurisdiction to modify their sentences because final judgment had been entered. The State contends this is an issue of personal jurisdiction which was waived at the district court level and cannot now be raised for the first time on appeal. In any event, the State argues, since the six-year revocation was mandatory, the original sentence was illegal and therefore properly modified pursuant to Iowa Rule of Criminal Procedure 23(5)(a).

The parties to this appeal misunderstand the nature of Iowa Code section 321J.4(3)(a), which provides:

Upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the court shall order the department to revoke the defendant's motor vehicle license or nonresident operating privilege for a period of six years. The court shall require the defendant to surrender to it

all Iowa licenses or permits held by the defendant, which the court shall forward to the department with a copy of the order for revocation.

Section 321J.4(3)(a) is a license revocation provision, not a sentencing provision. *State v. Pettit,* 360 N.W.2d 833, 835 (Iowa 1985). "Upon a third or subsequent violation, subsection [321J.4(3)(a)][1] triggers a court order directing an administrative agency to revoke the defendant's driving privileges." *State v. Blood,* 360 N.W.2d 820, 822 (Iowa 1985).

 Section 321J.4(3)(a) "requires the court to order revocation upon a plea or verdict of guilty of a third offense, but does not require the revocation be a part of the pronouncement of sentencing." *State v. Blood,* 360 N.W.2d at 822. The legislative intent is that this section not be a sentencing statute which imposes a penalty; instead, it merely requires the court to perform the first step in the civil revocation of a driver's license. *Id.* The district court has inherent jurisdiction to issue an order to the Department of Transportation to revoke the defendants' licenses under section 321J.4(3)(a). The parties appeared and waived any claim to lack of personal jurisdiction. Therefore, the district court's order was proper.

AFFIRMED.

---

1. *State v. Blood* concerned the interpretation of Iowa Code section 321.281(9)(a) (1983). This section was repealed by 1986 Iowa Acts ch. 1220, § 47. Section 321J.4, which is substantially similar to section 321.281(9)(a), was enacted by 1986 Iowa Acts ch. 1220, § 4.