**BOARD OF WATER WORKS TRUSTEES, Appellant,**

v.

**CITY OF DES MOINES, Iowa, Appellee.**

No. 89–1837.

Supreme Court of Iowa.

May 15, 1991.

Stephen D. Hardy of Grefe & Sidney, Des Moines, for appellant.

Steven C. Lussier, Asst. City Atty., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN and SNELL, JJ.

McGIVERIN, Chief Justice.

Plaintiff, Board of Water Works Trustees of Des Moines (Water Works), sued defendant City of Des Moines seeking indemnity or contribution for damages paid by plaintiff to city residents for water damage incurred when water released by a broken water line backed up in the city sewer system flooding residents' basements. After a jury verdict for plaintiff, the district court granted the City's motion for judgment notwithstanding the verdict. At a later date, the court also denied plaintiff's motion for sanctions against the City.

Plaintiff appealed. We, now, affirm the district court's ruling on plaintiff's motion for sanctions and dismiss the appeal as to all other matters.

**I.** *Appellate jurisdiction.* The first question is whether we have appellate jurisdiction over certain issues. The jury returned a verdict in favor of plaintiff Water Works and judgment was entered on that verdict on March 27, 1989. Defendant City filed a timely motion for judgment notwithstanding the verdict on April 6. *See* Iowa R.Civ.P. 247 (motion for judgment notwithstanding the verdict must be filed within ten days after verdict). Plaintiff filed a motion for "expansion of judgment or third and final motion or request for order requiring reimbursement of expenses and fees" on April 5. Examining

that motion without regard to its label, *see Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968), plaintiff's motion was a motion for sanctions against the City. That sanction motion was timely filed. *See Hearity v. Board of Supervisors*, 437 N.W.2d 907, 909 (Iowa 1989) (motion for Rule of Civil Procedure 80(a) sanctions need not be filed within a time frame shorter than the expiration of the time for appeal from the final judgment).

The district court granted defendant's motion for judgment notwithstanding the verdict on August 15. That ruling disposed of plaintiff's lawsuit in favor of the City. On November 20, the court denied plaintiff's motion for sanctions. Plaintiff filed its notice of appeal on November 30, purportedly appealing:

> the order entered August 15, 1989 in which the trial court sustained the defendant's motion for judgment notwithstanding the verdict, as well as all the rulings inhering therein ... and plaintiff also gives notice that it appeals from the trial court's ruling entered November 20, 1989, denying plaintiff's motion for [sanctions].

Defendant argues that we lack jurisdiction over all issues appealed, except for those issues raised in plaintiff's motion requesting sanctions, because plaintiff did not appeal the decision disposing of its lawsuit within the time limits set forth in Iowa Rule of Appellate Procedure 5. *See State ex rel. Iowa Dept. of Transp. v. General Elec. Credit Corp.*, 448 N.W.2d 335, 338 (Iowa 1989) (timely appeal is jurisdictional; we may not entertain an appeal not authorized by rule 5).

Rule 5, in part, provides:

> (a) ... appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict as provided in R.C.P. 247, or a motion as provided in R.C.P. 179"b", is filed, and then within thirty days after

the entry of the ruling on such motion....

....

(b) Notwithstanding these rules, an order ... finally disposing of fewer than all the issues in the suit, even if the issues are severable, may be appealed within the time for an appeal from the order, judgment, or decree finally disposing of the action as to the remaining ... issues.

Plaintiff did not file its notice of appeal within thirty days of the entry of judgment or within thirty days of the district court's ruling on defendant's motion for judgment notwithstanding the verdict. Plaintiff, however, relying on rule 5(b), argues that its notice of appeal preserved all issues for appeal because it was filed within thirty days of the ruling on its motion for sanctions.

Rule 5(b) was amended in 1986 "adding the language which allows an appeal from an order disposing of fewer than all the issues to wait until the time for appeal from remaining issues." A. Vestal & P. Willson, *Iowa Practice* § 57:03 (1983 ed. Supp.1991). In essence, rule 5(b) allows a party to appeal prior orders, disposing of issues in a suit, within thirty days of the order, judgment or decree finally disposing of the suit. *See Davis v. Ottumwa YMCA*, 438 N.W.2d 10, 16 (Iowa 1989). Thus, rule 5(b), in certain circumstances, eliminates the need to pursue interlocutory appeals and allows those issues to be appealed after the ruling finally disposing of a suit.

The order finally disposing of plaintiff's lawsuit was the district court's ruling on defendant's motion for judgment notwithstanding the verdict. *Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987) (final judgment is one that conclusively determines the rights of the parties and finally decides the controversy, creates a right of appeal and also removes from the district court the power or authority to return the parties to their original positions). That ruling was not appealed within the time limits set forth in Iowa Rule of Appellate Procedure 5.

Thereafter, the court ruled on plaintiff's sanction motion. That ruling, however, came after the order finally disposing of plaintiff's suit and did not extend the time for plaintiff to appeal the decision disposing of its suit because it did not decide any issue in the main suit. The issue of sanctions was a separate, collateral and independent issue to plaintiff's lawsuit. *See Darrah v. Des Moines Gen. Hosp.*, 436 N.W.2d 53, 55 (Iowa 1989) (after voluntary dismissal of suit, court retains authority to adjudicate the collateral issue of rule 80(a) sanctions); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. ——, ——, 110 S.Ct. 2447, 2455–56, 110 L.Ed.2d 359, 375–76 (1990) (imposition of Federal Rule of Civil Procedure 11 sanctions, similar to our rule 80(a) sanctions, is not a judgment on the merits; it requires the determination of a collateral issue). Rulings deciding collateral and independent claims are separately appealable as a final judgment and do not act to extend the time limits to appeal earlier decisions on the merits. *See Bogney v. Jones*, 904 F.2d 272, 273 n. 1 (5th Cir.1990) (applying Federal Rule of Appellate Procedure 4(a), appeal filed after district court entered its sanction award was too late to pertain to the court's earlier decision on the merits); *Turnbull v. Wilcken*, 893 F.2d 256, 257 (10th Cir.1990) (appeal filed after district court's ruling on sanctions did not timely appeal earlier rulings on the merits); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–203, 108 S.Ct. 1717, 1720–22, 100 L.Ed.2d 178, 183–86 (1988); *Paranteau v. Devita*, 208 Conn. 515, 523, 544 A.2d 634, 639 (1988); *cf. Leahy v. Board of Trustees*, 912 F.2d 917, 923 (7th Cir.1990) (decisions on merits and on sanction award were separate judgments from which separate appeals should have been filed).

To properly preserve its right to appeal both the order finally disposing of plaintiff's lawsuit and the ruling on sanctions, we believe that plaintiff Water Works needed to appeal each of those orders within the time limits established by Iowa Rule of Appellate Procedure 5. *Compare Hearity v. Board of Supervisors*, 437 N.W.2d 903 (Iowa 1989) (appeal taken from final

judgment) *with Hearity v. Board of Supervisors,* 437 N.W.2d 907 (Iowa 1989) (separate appeal taken from ruling on sanction motion); *compare also Lynch v. City of Des Moines,* 454 N.W.2d 827 (Iowa 1990) (appeal taken from final judgment) *with Lynch v. City of Des Moines,* 464 N.W.2d 236 (Iowa 1990) (later separate appeal taken from attorney fee award).

Plaintiff's appeal was filed within thirty days of the court's ruling on the sanctions motion but it was not filed within thirty days of the order finally disposing of plaintiff's lawsuit. Thus, we conclude that plaintiff timely appealed only the district court's ruling on sanctions and not the rulings on the merits of its lawsuit. Therefore, we do not consider other assignments of error raised by plaintiff bearing on the main case. *Cf. Hayes v. Kerns,* 387 N.W.2d 302 (Iowa 1986) (unappealed judgment was a final adjudication of all issues raised by appeal except that appeal from supplemental order regarding interest conferred jurisdiction for the appellate court to address only that issue); *In re Fenchel,* 268 N.W.2d 207 (Iowa 1978) (a party appealing from a supplemental decree deciding an issue reserved in the original decree may challenge only the supplemental decree's provisions).

II. *Sanctions.* Plaintiff moved for sanctions against defendant, citing what it believed to be several instances of sanctionable conduct. The district court denied plaintiff's motion for sanctions ruling that, while it did not condone the "hardball" tactics used by counsel for both sides, the imposition of sanctions was not warranted.

In general, Iowa Rule of Civil Procedure 80(a) allows imposition of sanctions for motions, pleadings or other papers interposed for an improper purpose or not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Iowa Rule of Civil Procedure 134 allows a party to recover reasonable expenses incurred in obtaining a discovery order. Water Works does not specify in its motion or brief the authority that would allow imposition of sanctions for each act

of alleged impropriety by the City, and we will not try to do so.

We apply an abuse of discretion standard in our review of sanction orders. *Mathias v. Glandon,* 448 N.W.2d 443, 445 (Iowa 1989) (rule 80(a)); *Suckow v. Boone State Bank & Trust Co.,* 314 N.W.2d 421, 425 (Iowa 1982) (rule 134). Based on that standard, we cannot say that the district court abused its discretion in denying plaintiff's motion for sanctions.

III. *Disposition.* We affirm the district court's ruling on plaintiff's motion for sanctions and dismiss the appeal as to all other matters raised by plaintiff.

A motion by the City for retaxation of the cost of the trial transcript was submitted with the appeal. That motion is sustained and costs on appeal, including transcript costs, shall be taxed to Water Works.

APPEAL AFFIRMED IN PART AND DISMISSED IN PART.