**STATE of Iowa, Appellant,**

v.

**Steven Frank KIRSCHBAUM, Appellee.**

**No. 91–1861.**

Court of Appeals of Iowa.

Aug. 27, 1992.

Bonnie J. Campbell, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellant.

James L. Tappa of Spector, Tappa & Nathan, Rock Island, Ill., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

On May 5, 1989, Steven Frank Kirschbaum had his driver's license revoked under Iowa Code section 321J.4(3)(a) (1989) following his third violation of Iowa Code section 321J.2 (1989) (operating while intoxicated). On August 16, 1989, the district court determined that Kirschbaum was a habitual offender pursuant to Iowa Code section 321.555(1) (1989) and barred him from driving for four years from that date. No appeal was filed from the habitual offender adjudication.

On September 12, 1991, the district court restored Kirschbaum's eligibility for a motor vehicle license pursuant to Iowa Code section 321J.4(3)(b) (1991). Kirschbaum then filed a motion to reconsider on October 1, 1991, asking the district court to reduce the driving bar entered pursuant to the habitual offender adjudication to two years.

The State filed a motion to dismiss, alleging that the district court lacked subject matter jurisdiction due to Kirschbaum's failure to file a timely Iowa Rule of Civil Procedure 252 petition to vacate or modify the judgment. On October 29, 1991, the district court granted the motion to reconsider and amended the 1989 habitual offender judgment by reducing the driving bar to two years.

The State appeals, contending the district court lacked subject matter jurisdiction to rule upon the motion to reconsider. The State further maintains that any reconsideration of the 1989 habitual offender judgment is barred by res judicata principles.

Our scope of review is for correction of errors at law. Iowa R.App.P. 4. On our review, we vacate the decision of the district court.

The State contends the motion to reconsider filed by Kirschbaum must fail for untimeliness. While a "motion to reconsider" is not expressly found in the Iowa Rules of Civil Procedure, it is still recognized in case law. *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 396 (Iowa 1988). However, a "motion to reconsider" may be properly granted *prior* to a final judgment. *Id.* Until a final judgment is entered, the trial court has the power to correct any of the rulings or orders it has entered. *Mason City Prod. Credit Ass'n v. Van Duzer*, 376 N.W.2d 882, 885 (Iowa 1985).

Here, Kirschbaum filed this motion more than two years after the judgment in question was entered. "The label attached to a motion is not determinative of its legal significance; we will look to its content to determine its real nature." *Iowa Elec.*, 430 N.W.2d at 395. Therefore, any motion to modify the district court's judgment which imposed the four-year driving bar must survive, if at all, under Iowa Rule of Civil Procedure 179(b) (enlargement or amend-

ment of decree or judgment) or rule 252 (vacation or modification of final judgment or order). *Id.* at 395. *See Snyder v. Allamakee County*, 402 N.W.2d 416, 419 (Iowa 1987) ("motion to consider" construed as a 179(b) motion). Both rules would allow an aggrieved party to petition to the court to modify a judgment after the final judgment had been entered.

 We agree that Kirschbaum's motion cannot survive rule 179(b) because it was not filed within the ten-day deadline. Iowa R.Civ.P. 179(b), 247. Kirschbaum's motion also fails under rule 252 as it fails to comply with the one-year deadline. Iowa R.Civ.P. 253(a). Furthermore, the motion does not even allege any of the grounds set forth in rule 252. *See* Iowa R.Civ.P. 252(a)–(f).

In *Franzen v. Deere & Co.*, the Iowa Supreme Court held:

> Ordinarily the authority of the district court to decide substantive issues in a particular case terminates when a final judgment is entered and postjudgment motions have been resolved. A final judgment, one that conclusively determines the rights of the parties and finally decides the controversy, creates a right of appeal and also removes from the district court the power or authority to return the parties to their original positions.

*Franzen v. Deere & Co.*, 409 N.W.2d 672, 675 (Iowa 1987) (citations omitted). The judgment entered on August 16, 1989, was a final judgment. Iowa R.Civ.P. 219. Furthermore, no appeal, timely or untimely, was ever filed.[1]

We hold that the "motion to reconsider," filed more than two years from the entry of the judgment, was filed too late to give the district court jurisdiction to consider it.

 Because the district court lacked the authority to rule on the motion to reconsider, we vacate its decision. Because of our result, we will not address the other arguments set forth by the State.

The costs of these proceedings are taxed to the appellees.

DECISION OF THE DISTRICT COURT VACATED.

OXBERGER, C.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. I find the trial court had jurisdiction to enter the orders it entered. The jurisdiction came under Iowa Code section 321J.4(3)(b) which provides that after two years from the date of the order for revocation, the defendant may apply to the court for restoration of the defendant's eligibility for a motor vehicle license. *See State v. Dumire*, 443 N.W.2d 338, 339 (Iowa App.1989), where this court held the district court has inherent jurisdiction to issue an order to the Department of Transportation revoking a license. Applying the dictates of *Dumire*, I find if the district court has power to revoke, it should also have power to reinstate.

---

1. In *Hearity v. Bd. of Supervisors*, 437 N.W.2d 907, 908 (Iowa 1989), the Iowa Supreme Court distinguished *Franzen*. The Court held that Iowa Rules of Civil Procedure 179(b) and 247 only established the time for filing the postjudgment motions to which those rules applied and that they did not establish a time period within which the district court loses jurisdiction for all purposes following entry of judgment. However, in *Hearity*, the motion at issue (Rule 80(a) sanctions) had been remanded to the district court following the taking of an appeal. The express purpose of the remand order had been to empower the district court to consider the pending motion. The Iowa Supreme Court did recognize that the district court is without jurisdiction to consider motions for sanctions filed after the appellate court's mandate (which affirmed the district court's judgment) had been docketed. *Id.* at 909.