**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

No. 94–998.

Supreme Court of Iowa.

Oct. 25, 1995.

Thomas J. Miller, Attorney General, and Carolyn J. Olson, Assistant Attorney General, for plaintiff.

Timothy M. Duffy and Jeanne K. Johnson, Des Moines, for defendant.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

The question in the present case is whether a district court has the authority to modify the driving bar period for a licensed driver who has previously been adjudicated an habitual offender pursuant to Iowa Code section 321.555(1) (1989). We conclude it does not and sustain the Iowa Department of Transportation's (DOT) petition for writ of certiorari challenging the legality of the district court's order.

On April 20, 1990, Scott Tigner was adjudicated an habitual offender pursuant to section 321.555(1) following a series of convictions for driving while his license was suspended. The district court ordered that Tigner be barred from driving for a six-year period from that date pursuant to Iowa Code section 321.560 (1989). Tigner did not appeal from the judgment. In 1994, Tigner gave the Polk County Attorney's office oral notice of a challenge to the 1990 judgment based on claims of lack of personal jurisdiction and denial of due process. On May 24, 1994, pursuant to an agreement between the county attorney and Tigner, the district court, without notice or hearing, entered an order reducing the bar period from six to four years. Tigner therefore became eligible for reinstatement of his driving privileges. The DOT first received notice of the reduction when it received a copy of the court's order.

We granted the DOT's petition for writ of certiorari seeking summary reversal of the district court's order. Certiorari lies when the district court has exceeded its jurisdiction or has acted illegally. *Whitlock v. Iowa Dist. Court*, 497 N.W.2d 891, 893 (Iowa 1993). "Illegality exists when the findings on which the court has based its conclusion of law do not have substantial evidentiary support or when the court has not applied the proper rule of law." *Id.* Unless otherwise provided by statute, the judgment on certiorari is limited to sustaining the proceedings below, or annulling them wholly or in part, to the extent that they are illegal or in excess of jurisdiction. Iowa R.Civ.P. 316.

The DOT argues there is no provision of the habitual offender statute that allows a district court continuing jurisdiction to restore an habitual offender's driving privileges once it has entered final judgment. The DOT notes that other Code sections, specifically Iowa Code sections 321J.4(3)(b) and 321J.4(7)–(8) (1995), provide for court-ordered restoration when certain conditions are met by the offender. It asserts that because the district court was without authority to modify the 1990 judgment, the district court's 1994 order should be summarily reversed.

Tigner, however, argues the reduction was agreed upon pursuant to negotiations between the county attorney and his own counsel. He contends that under these circumstances the county attorney was not obligated to inform the DOT of the agreement or otherwise obtain permission to reduce the bar period. Tigner maintains the district court has inherent authority to revoke or restore driving privileges. He concludes that if the district court possesses the inherent authority to revisit a revocation judgment after final judgment for the purpose of extending the length of the period of revocation, the court should be able to exercise its

jurisdiction to shorten the period of revocation. We disagree.

Iowa's habitual offender laws are codified in sections 321.555–.562. Section 321.555(1) provides that any person found guilty of three or more listed traffic offenses within a six-year period shall be considered an habitual offender. Section 321.560 provides that if a person is adjudicated an habitual offender pursuant to section 321.555, no license to operate a motor vehicle shall issue to that person for a period of not less than two years nor more than six years from the date of judgment.

In support of his contention that the district court has inherent authority to modify an habitual offender adjudication, Tigner relies on sections 321J.4(3)(a)–(b) and the holding in *State v. Dumire*, 443 N.W.2d 338 (Iowa App.1989). Section 321J.4(3)(a) provides that a person found guilty of a third violation of operating while intoxicated (OWI) shall have his or her license revoked for a period of six years. Section 321J.4(3)(b) provides that after two years from the date of the order for revocation, a defendant may apply to the district court for restoration of driving privileges. In *Dumire*, the defendants were convicted for OWI and sentenced to pay fines and serve time. 443 N.W.2d at 338. The State later filed motions to modify their sentences, arguing that each had been convicted three times for OWI and that a six-year license revocation was mandatory pursuant to section 321J.4(3)(a). *Id.* The district court sustained the motions and sentenced each defendant to a six-year license revocation. *Id.* The defendants appealed, claiming the district court had no authority to modify their sentences after final judgment. *Id.* The court of appeals held the district court has inherent jurisdiction to issue an order to the DOT to revoke a defendant's license pursuant to section 321J.4(3)(a). *Id.* at 339.

Tigner reads section 321J.4(3)(a) in conjunction with the holding in *Dumire* as standing for the proposition that if the district court has the inherent power to revoke after final judgment it should also have the power to reinstate. We find Tigner's reliance on these authorities misplaced.

Unlike section 321J.4(3)(a)–(b), none of the subsections contained in sections 321.555–.562 provide for early restoration of an habitual offender's license. We conclude that if the legislature had intended to afford habitual offenders the right to apply for early restoration of driving privileges it could have easily enacted such a provision. *See State v. Iowa Dist. Court*, 503 N.W.2d 411, 413 (Iowa 1993) (legislative intent is expressed by omission as well as inclusion). Because the legislature failed to provide a mechanism for early restoration of driving privileges under sections 321.555–.562, the district court has no statutory authority to order such restoration.

■ Tigner also maintains that under the present set of facts, it was not incumbent upon the county attorney to first notify and obtain permission from the DOT before agreeing to a modification of the habitual offender adjudication. We disagree.

In *Iowa Department of Transportation v. Iowa District Court*, 534 N.W.2d 457 (Iowa 1995), we discussed the role of the county attorney vis-a-vis the DOT in license revocation proceedings. We concluded the county attorney did not have any independent authority to issue declaratory rulings on the applicability of revocation provisions of chapter 321 or to adjudicate the rights of license holders under chapter 321. 534 N.W.2d at 460. We noted that "[t]he DOT is, in the first instance, charged with the responsibility to interpret and enforce the motor vehicle laws governing the revocation of drivers' licenses." *Id.*; Iowa Code § 321.2 (1995). We additionally noted that, unless otherwise specified, the attorney general, not the county attorney, represents the DOT. *Department of Transp.*, 534 N.W.2d at 460; Iowa Code § 307.23 (1995). We similarly held in *Iowa Department of Transportation v. Iowa District Court*, 530 N.W.2d 725, 728 (Iowa 1995), that the county attorney had no authority to agree to a two-year revocation rather than the six-year revocation required by the applicable statute.

We conclude that because the penalties under sections 321.555–.562 are imposed administratively, the county attorney in the

present case had no authority to enter into an agreement modifying an habitual offender adjudication under section 321.555(1).

The district court lacked authority to modify the driving bar period for a person adjudicated an habitual offender under section 321.555(1) after final judgment was entered.

We therefore sustain the DOT's petition for writ of certiorari.

**WRIT SUSTAINED.**