# IN THE COURT OF APPEALS OF IOWA

No. 19-1454
Filed September 23, 2020

IN RE THE MARRIAGE OF TRISHA PECKOSH SERRANO
AND EMILIO BERNARDO SERRANO

Upon the Petition of
**TRISHA PECKOSH SERRANO,**
        Petitioner-Appellee,

**And Concerning**
**EMILIO BERNARDO SERRANO,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


        Emilio Serrano appeals the district court's denial of his motion for sanctions.

**AFFIRMED.**



        Emilio B. Serrano, Des Moines, self-represented appellant.

        Tammy Westhoff Gentry of Parrish Kruidenier Dunn Boles Gribble Gentry

Brown & Bergmann, LLP, Des Moines, for appellee.



        Considered by Vaitheswaran, P.J., May, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VAITHESWARAN, Presiding Judge.**

Emilio and Trisha Serrano married in 2000 and divorced in 2019. The court of appeals recently affirmed most of the dissolution decree. *See In re Marriage of Serrano*, No. 19-0785, 2020 WL 3264380, at *5–8 (Iowa Ct. App. June 17, 2020). This appeal arises from post-dissolution proceedings involving the disposition of one of the parties' homes, known as "the Germania home." *Id.* at *3. Under the decree, the home was to be sold within forty-five days. Approximately two and one-half months after the decree was filed, Trisha filed an application for rule to show cause, asserting the parties received an offer to purchase the home but Emilio refused to sign the agreement. Trisha attached an affidavit to support the application.

At a hearing on the application, Emilio justified his refusal to sign on the basis of the pending appeal of the dissolution decree. The district court pointed out that he had filed an application to stay the home sale pending appeal, which the supreme court denied.

A real estate agent documented the pending offer. Emilio testified he did not intend to sign the purchase agreement or any of the documents relating to the sale of the Germania home.

The district court found the dissolution decree "was clear," "Mr. Serrano understood it," and he chose "to disregard it." The court determined that he "willfully disobeyed a court order" and sentenced him to jail for thirty days. The court allowed him to "purge that contempt" by returning to court and signing the documents. Emilio later did so.

Within two weeks of signing the documents, Emilio filed a "motion for sanctions due to fraud." He asserted the affidavit Trisha filed to support her application for rule to show cause "was not signed and sworn in front of the notary as shown clearly by using a pasted picture of Trisha's signature, which can easily be noticed by the discoloration on the signature." He requested a hearing to establish sanctions against Trisha and her attorney. The court filed an order "find[ing] that a hearing [was] not necessary" and the "motion [was] not warranted." The court provided the following reasoning:

> There is no dispute [Emilio] had an obligation to honor the Court's order to sign sales documents for the Germania house, that he was aware of this obligation, and that he refused to sign said documents. [Trisha] testified under oath she signed the application for contempt. Even assuming [Trisha] committed "fraud", there was neither damage to [Emilio] (as he admitted to the contemptuous behavior) nor any reliance by [Emilio] on any fraudulent statements.

On appeal,[1] Emilio contends he "was denied" his constitutional rights to be "be heard" and to counsel. Neither issue was preserved for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Emilio next reprises his argument that Trisha's attorney "committed forgery when notarizing the [ ] affidavit in support of application for order to show cause." In his view, the district court's finding that Trisha signed the affidavit does not address his notarization concern. However, the court also found no evidence that the notarization was forged, a finding that is supported by the transcript of the

---

[1] The supreme court ruled that Emilio's appeal is limited to "the order denying the motion for sanctions."

contempt hearing. *Cf. Iowa Supreme Court Attorney Disciplinary Bd. v. Palmer*, 825 N.W.2d 322, 325 (Iowa 2013) ("We have on many occasions found rule violations and imposed sanctions for misconduct involving false notarizations."); *Iowa Supreme Court Attorney Disciplinary Bd. v. Schall*, 814 N.W.2d 210, 214 (Iowa 2012) ("We have repeatedly held that an attorney's notarization of signatures of absent persons is 'manifestly unprofessional.'").

We conclude the district court did not abuse its discretion in denying Emilio's motion for sanctions. *See Bd. of Water Works Trs. v. City of Des Moines*, 469 N.W.2d 700, 703 (Iowa 1991) ("We apply an abuse of discretion standard in our review of sanction orders."). Trisha's unsupported request for $4000 in appellate attorney fees is denied.

**AFFIRMED.**