# IN THE COURT OF APPEALS OF IOWA

No. 16-1550
Filed November 8, 2017

**DENIS MARCHAND and CHRISTINE E.T. MARCHAND,**
    Plaintiffs-Appellants,

**vs.**

**GOLDEN RULE PLUMBING HEATING & COOLING, INC., K&E DISTRIBUTING, INC., VAN'S HEATING & COOLING, L.L.C., and BOSCH THERMOTECHNOLOGY CORP.,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Madison County, Paul R. Huscher, Judge.


Homeowners appeal the district court's summary judgment ruling in favor of three of the four defendants on claims for damages associated with a malfunctioning geothermal heating and cooling system. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


Timothy J. Van Vliet of Wetsch Abbott Osborn Van Vliet P.L.C., Des Moines, for appellants.

Jason M. Zager of Shook, Hardy & Bacon, L.L.P., Kansas City, MO, and Jason C. Palmer of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee Bosch Thermotechnology Corp.

Joseph A. Happe, Kelsey K. Crosse, and Lucas B. Draisey of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee Golden Rule Plumbing Heating & Cooling, Inc.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Years after building a home, the owners sued various entities for damages associated with a malfunctioning geothermal heating and cooling system. The district court granted summary judgment to three of the four defendants. On appeal, the homeowners argue the statute of limitations did not preclude their action. They also assert that genuine issues of material fact foreclosed summary judgment.

## I.    *Background Facts and Proceedings*

Denis and Christine Marchand built a home with a geothermal heating and cooling system. The home was completed in 2005. In 2015, the Marchands sued K&E Distributing, Inc., Golden Rule Plumbing Heating & Cooling, Inc., Bosch Thermotechnology Corp., and Van's Heating and Cooling, L.L.C. alleging (1) "[t]he heating and cooling system did not work properly [al]most immediately upon completion of the home"; (2) "the entire geothermal system failed"; (3) in 2009, Bosch provided them "with a new unit" but "that unit . . . also . . . failed"; and (4) the system continued to "not work properly, . . . causing substantial discomfort and stress to the . . . entire family." They sought "just compensation" against all the defendants for (I) manufacturing defect, (II) design defect, (III) breach of express warranty, (IV) breach of implied warranty, and (V) negligence.

Van's Heating and Cooling participated only to the extent of filing an answer. The remaining three defendants filed motions for summary judgment. Meanwhile, the Marchands sought leave to amend their petition to add a breach-of-contract claim. Golden Rule moved to dismiss this claim on statute of

limitations grounds. Bosch joined in Golden Rule's motion and filed a motion for specific statement, in which Golden Rule joined. K&E filed an affidavit addressing the contract claim and other issues.

Following an unreported hearing on pending motions, the district court granted all three defendants summary judgment on all the Marchands' claims. The court did not address the claims against Van's Heating and Cooling or a counterclaim filed by Golden Rule. The Marchands appealed.

## II. *Summary Judgment Ruling*

The well-established summary-judgment standard is as follows:

> Summary judgment is appropriate only when the moving party has demonstrated there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In determining whether a grant of summary judgment was appropriate, [the reviewing court] examine[s] the record in the light most favorable to the nonmoving party, drawing all legitimate inferences that may be drawn from the evidence in his or her favor.

*Homan v. Branstad*, 887 N.W.2d 153, 163-64 (Iowa 2016). At the outset, the Marchands list several facts they contend are disputed. These facts appear to be immaterial. *Id.* at 164 ("A fact is material when its determination might affect the outcome of a suit."). To the extent any of them could be tethered to a legal issue, we will address them in that context.

### A. *Golden Rule and K&E*[1]

*1. Statute of Limitations – Manufacturing Defect*, *Design Defect*, *Implied Warranty*, *Negligence*

Iowa Code section 614.1(4) (2015) sets forth a limitations period of five years for actions founded on "unwritten contracts," "injuries to property," fraud,

---

[1] K&E did not file a responsive brief.

and "all other actions not otherwise provided for." Iowa Code section 614.1(2A)(a) sets forth a statute of repose of fifteen years for claims

> founded on . . . injuries to the person or property brought against the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of a product based upon an alleged defect in the design, inspection, testing, manufacturing, formulation, marketing, packaging, warning, labeling of the product, or any other alleged defect or failure of whatever nature or kind, based on the theories of strict liability in tort, negligence, or breach of an implied warranty.

See Albrecht v. General Motors Corp., 648 N.W.2d 87, 92 (Iowa 2002) ("Unlike a statute of limitations, the period established in section 614.1(2A)(a) does not run from the accrual of the plaintiff's claim; rather, it runs from the date the product was first purchased or installed for use."); see also Estate of Ryan v. Heritage Trails Assocs., Inc., 745 N.W.2d 724, 729 (Iowa 2008) ("In a products liability action brought in Iowa, the statute of repose begins to run 'after the product was first purchased, leased, bailed, or installed for use or consumption unless expressly warranted for a longer period of time by the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of the product.'" (quoting Iowa Code § 614.1(2A)(a))).

The Marchands argued for application of the fifteen-year statute of repose, but the district court applied the five-year limitations period to the Marchands' claims against Golden Rule and K&E for manufacturing defect, design defect, implied warranty, and negligence. The court concluded these claims were time-barred. Contrary to the Marchands' assertion, the court did not rely on this

defense with respect to their express-warranty claim against Golden Rule and K&E or any of their claims against Bosch.[2]

(a) Five-Year Limitations Period

The Marchands argue they "generated a genuine issue of material fact on the discovery of the injury and its cause which would determine when the statute of limitations period began and [they] should have the opportunity to present such evidence to a jury of their peers."[3]   The discovery rule, when applicable, provides that a cause of action does not accrue until the plaintiff "has in fact discovered" an injury or "by the exercise of reasonable diligence should have discovered" the injury.  *Franzen v. Deere & Co.*, 334 N.W.2d 730, 732 (Iowa 1983) (citation omitted) (applying discovery rule to a products liability case involving allegation of defective manufacture and design); *see also Speight v. Walters Dev. Co.*, 744 N.W.2d 108, 116 (Iowa 2008) (applying the discovery rule to case arising from implied warranties); *Brown v. Ellison*, 304 N.W.2d 197, 201 (Iowa 1981) (applying the discovery rule to an action based on oral contract for breach of express warranty and breach of implied warranty), *overruled on other grounds by Franzen*, 334 N.W.2d at 732.

The Marchands pled that they learned of the nonfunctioning geothermal system "[al]most immediately upon completion of the home" in 2005.  While they

---

[2] Bosch contends it never raised a statute-of-limitations defense.  To the contrary, Bosch's answer to the original petition raised the affirmative defense of statute of limitations, and Bosch joined in Golden Rule's motion to dismiss the breach-of-contract claim on statute-of-limitations grounds.  Be that as it may, the district court did not grant Bosch summary judgment on statute-of-limitations grounds.

[3] Section 554.2725(2) applies to contracts for the sale of goods.  The provision states: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."  Iowa Code § 554.2725(2).  If this provision were invoked, it would disallow reliance on a discovery rule.

assert they did not discover the extent of the problem until 2011, they hired Van's Heating in 2008 to "come in and correct the heating and cooling system." They also alleged "the entire geothermal system failed" in 2009. We conclude the Marchands discovered or could have discovered the injury in 2005 and certainly no later than 2009. *See Franzen*, 377 N.W.2d at 663 ("Plaintiffs knew the instrumentality that caused the injury at the time it occurred. . . . The information they possessed on the date of the accident was plainly sufficient to put them on inquiry notice concerning possible defects."). They did not file their petition until 2015. Because the claims accrued outside the five-year limitations period, we conclude the district court did not err in granting summary judgment in favor of Golden Rule and K&E on the Marchands' manufacturing-defect, design-defect, implied-warranty, and negligence claims.

(b) Fifteen-Year Period of Repose

The Marchands alternatively argue the fifteen-year repose period applies to the "products liability" claims against Golden Rule and K&E. As noted, the Marchands referred to this provision in their summary judgment memorandum, but the district court did not apply it, and the Marchands did not seek enlarged findings and conclusions. *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) (stating a party must "request a ruling from the district court to preserve error for appeal on an issue presented but not decided").

Assuming without deciding error was preserved, there is scant if any indication in the summary judgment record that Golden Rule was a "manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of a product." Iowa Code § 614.1(2A)(a); *see Estate of Ryan*, 745

N.W.2d at 729 ("The time limit in which a party may bring a products liability action against 'the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of a product' is fifteen years." (quoting Iowa Code § 614.1(2A)(a))). We conclude the fifteen-year repose period is inapplicable to the manufacturing defect, design defect, implied warranty, and negligence claims against Golden Rule.

As for K&E, the company attested it was a wholesale distributor of materials, which it sold to the predecessor of Golden Rule. The Marchands, in turn, pled K&E was the designer of their heating and cooling system. Either the "distributor" characterization or the "designer" characterization might have triggered the fifteen-year repose period set forth in section 614.1(2A)(a). But, as discussed, the Marchands did not ask the district court to reconsider its ruling in light of the potential applicability of this provision. Because error was not preserved, we affirm the district court's application of the five-year limitations period and the grant of summary judgment in favor of K&E on the manufacturing-defect, design-defect, implied-warranty, and negligence claims.

*2. Failure to State a Claim – Express Warranty*

<u>(a) Golden Rule</u>

The Marchands made a general allegation against all the defendants that they "sold, designed, and installed the heating and cooling system for [their] home and expressly warranted that the system and its components would work properly." In moving for summary judgment on this claim, Golden Rule asserted it "did not make any express warranties regarding the manufacture or design of the heating and cooling system" but did provide "a one year warranty to [the

Marchands] for its labor relating to the installation of the heating and cooling system." Golden Rule stated the system was installed "at the end of 2004 to 2005." In its resistance to Golden Rule's summary judgment motion, the Marchands acknowledged Golden Rule's role was to "complete[] the installation of the heating and cooling system."

The district court granted Golden Rule's summary judgment motion on this claim. The court concluded:

> [The Marchands] have not proven the existence of an express warranty from Golden Rule still in effect. Golden Rule asserts it is standard practice to issue a one year warranty on services performed. Golden Rule's services were performed in 2005. The warranty has since expired. Plaintiffs have not provided facts to indicate that a different warranty is still in effect or that they attempted to benefit from the original warranty.

Believing the district court dismissed their express warranty claim against Golden Rule on statute-of-limitations grounds, the Marchands do not challenge the court's rejection of this claim on the merits. Accordingly, we could deem the issue waived. *See State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014) (stating arguments not advanced on appeal were waived). Assuming without deciding the Marchands' discussion of the express warranty claim as it relates to defendant Bosch also applies to Golden Rule, we conclude their reliance on a sale-of-goods provision in the Uniform Commercial Code is misplaced. *See* Iowa Code § 554.2313(1).

"[T]he Uniform Commercial Code does not apply to services." *Moore v. Vanderloo*, 386 N.W.2d 108, 112 (Iowa 1986). The Marchands concede that Golden Rule only provided services. They also do not argue Golden Rule created an express warranty for goods through their words or actions. *See, e.g.*,

*Flom v. Stahly*, 569 N.W.2d 135, 140 (Iowa 1997) (noting "distinct assertion of quality concerning thing to be sold" could create an express warranty). As the court found, the only warranty was the one-year labor warranty, which had long-since expired. We conclude the district court did not err in granting Golden Rule summary judgment on the merits of the Marchands' express-warranty claim.

(b) K&E

The district court concluded the Marchands failed to prove "the existence of an express warranty" as to K&E. The court stated K&E's standard practice was to "issue a five year warranty on products such as the heat pump provided to" the Marchands, "K&E sold products to" the Marchands "in 2005," and "[a]ny warranty expired in 2010." The Marchands do not take issue with this aspect of the court's ruling. Instead, they challenge the ruling exclusively on statute-of-limitations grounds. We conclude error was waived.

*3. Breach of Contract*

As noted, Golden Rule moved to dismiss the breach-of-contract claim on statute-of-limitations grounds and joined in Bosch's motion for more specific statement as to this claim. *See* Iowa R. Civ. P. 1.433 ("A party may move for a more specific statement of any matter not pleaded with sufficient definiteness to enable the party to plead to it and for no other purpose. It shall point out the insufficiency claimed and particulars desired."). The district court ordered the Marchands to file a more specific statement "as to each claim referring to a contract, specifying the defendant or defendants to which the claim applies, and whether the contract or contracts are written or oral." The court also ordered Golden Rule's motion to dismiss to be "submitted with pending motions." In its

"ruling on pending motions," the court dismissed "all claims against" Golden Rule and K&E without expressly addressing the breach-of-contract claim.

On appeal, the Marchands contend they "have not yet had an opportunity to amend their petition pursuant to the court's order . . . regarding Bosch's motion for more specific statement," and accordingly, their "breach-of-contract claim against Bosch should still be pending but the court's ruling did not make that clear." The problem with this argument is that the Marchands were obligated to file their more specific statement within ten days of the court's order. *See* Iowa R. Civ. P. 1.444. They failed to do so. The district court ruled on all pending motions and granted summary judgment in favor of the three defendants on all the claims. The ruling disposed of the Marchands' breach-of-contract claims against Golden Rule and K&E.

### B. Bosch

*1. Manufacturing Defect, Design Defect, Negligence – Failure to State a Claim*

The district court concluded the Marchands "have not generated any fact that demonstrates the Bosch condensing section they received departed from its original design," there was "any defect in the Bosch product," or that "a defect in the Bosch condensing section caused the failure of the system." The court granted Bosch summary judgment on the Marchands' manufacturing defect, design defect, and negligence claims.

On appeal, the Marchands do not address the merits of the court's ruling on these claims as to Bosch. We conclude error was waived. *Short*, 851 N.W.2d at 479.

*2. Breach of Express Warranty*

The Marchands alleged the "Defendants . . . expressly warranted that the [heating and cooling] system and its components would work properly." The district court granted Bosch summary judgment on this claim, reasoning as follows:

> Plaintiffs have not provided any evidence of a defect in the Bosch condensing section. There is no evidence the Bosch condensing section was nonconforming to what was ordered or that it performed differently than it purported to. There is no evidence that the same Bosch condensing section would not have performed perfectly in a properly configured system. Without evidence of a breach of express warranty, Plaintiffs cannot support this claim.

On appeal, the Marchands contend, "Bosch expressly warranted that the second geothermal unit would be suitable for use with [their] HVAC System." They assert they "relied on Bosch's warranty that the second unit provided in 2011 would correct the HVAC issues" and the "second unit ultimately failed similar to the first unit."

Bosch responds that the Marchands failed to preserve error on their express warranty claim as to the second unit. To the contrary, Denis Marchand attested "the second unit failed" and the second unit was "still under warranty." He also attested, "The current geothermal unit provided by Bosch circa 2011 in our home is no longer operational and is still under warranty." We conclude the Marchands preserved error on their present contention.

Turning to the merits, the parties cite Iowa Code section 554.2313 governing "express warranties by affirmation, promise, description, sample." That provision states:

Express warranties by the seller are created as follows:

a. Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

b. Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

c. Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Iowa Code § 554.2313(1).

Bosch does not dispute that the second unit remained under express warranty. Whether that warranty was breached is a fact question precluding summary judgment.

Bosch nonetheless asserts we should affirm the summary judgment ruling because no one identified a defect in its product. This is not the key to an express warranty claim for the sale of goods under the Uniform Commercial Code. Section 554.2313(1)(b), for example, states "description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

Bosch's own expert stated:

The Bosch Unit label and literature indicates pairing with specific Air Handling Units and these have been tested and certified per industry standards, Hi-Velocity is not listed in the Bosch literature as a tested pairing. These certifications are typically required in order for the system to meet requirements for Federal, State and local utility incentives and/or rebates.

When the first unit failed, Denis Marchand attested he spoke to Bosch representatives and they agreed to provide a replacement geothermal unit at a reduced price. According to Marchand, Bosch supplied "an identical geothermal unit to the one that had failed when it now acknowledges that such geothermal

unit should never have been paired to our system." In light of the pairing specifications in Bosch's literature, we are persuaded the Marchands generated an issue of material fact on the question of whether Bosch breached an express warranty. We reverse the summary judgment ruling as to the Marchands' express-warranty claim against Bosch relating to the replacement unit.

*3. Implied Warranty Claims*

The Marchands alleged Bosch "impliedly warranted that the heating and cooling system would be fit for its intended purpose."[4] The district court rejected this claim, reasoning as follows:

> To defeat summary judgment on the claim of implied warranty for a particular purpose, [the Marchands] must assert that Bosch knew of a particular purpose, other than the general purpose of providing heating and cooling, for the condensing section. [The Marchands] have not provided any material facts to support this claim.

On appeal, the Marchands assert they "relied on Bosch's skill and expertise in the industry when addressing the first failed unit with Bosch. They maintain, "Bosch had the knowledge of the unique design of [their] HVAC System and knew its unit should not be paired with that system."

The Uniform Commercial Code provides the following implied warranty on fitness for a particular purpose:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 554.2316 an implied warranty that the goods shall be fit for such purpose.

---

[4] We are not persuaded by Bosch's argument that the Marchands waived error on this contention.

Iowa Code § 554.2315. The editor's notes state, "Whether or not this warranty arises in any individual case is basically a question of fact to be determined by the circumstances of the contracting." *Id.* cmt. 1.; *see also Midwest Dredging Co. v. McAninch Corp.*, 424 N.W.2d 216, 222 (Iowa 1988).

Bosch asserts Denis Marchand's affidavit failed to "provide sufficient factual detail and foundation to support this claim." We disagree. Denis Marchand attested to discussing the failure of the first unit with Bosch representatives. He was informed "that this was not the first such identical unit to have this issue." His affidavit generated a genuine issue of material fact on whether an implied warranty of fitness for a particular purpose arose and whether the warranty was breached. We reverse the grant of summary judgment in favor of Bosch and remand for further proceedings on this implied-warranty claim.

The Uniform Commercial Code also sets forth an implied warranty of merchantability. "Unless excluded or modified (section 554.2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Iowa Code § 554.2314. The district court addressed and rejected this claim as follows:

> Expert reports from both the Plaintiffs and Defendants show that the problem with the heating and cooling system is the pairing of various components within the system, not the Bosch condensing section on its own. [The Marchands] have not asserted any material facts to prove a claim of implied warranty of merchantability against defendant Bosch.

On appeal, the Marchands assert, "Bosch knew of the system configuration in [their] home, was aware of prior issues with the pairing of that Bosch unit with a hi-velocity air handling system and despite such knowledge

provided [them] with a second identical unit." Bosch responds that the Marchands failed to assert "the Bosch condensing section was defective or would not perform properly if paired with an appropriate air handler unit." To the contrary, Denis Marchand attested, "Bosch had every opportunity to provide . . . information to us [that its units could not be paired with the high velocity system] when providing a second geothermal unit subsequent to the first one blowing up yet Bosch simply provided a new unit." We conclude the Marchands generated a fact question on the implied-warranty-of-merchantability claim. We reverse the grant of summary judgment in favor of Bosch and remand for further proceedings.

## III. Disposition

We affirm the grant of summary judgment in favor of Golden Rule and K&E on all the Marchands' claims against them.[5] We affirm the grant of summary judgment in favor of Bosch on the Marchands' manufacturing defect, design defect, and negligence claims; we reverse the grant of summary judgment in favor of Bosch on the express- and implied-warranty claims and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[5] Golden Rule's counterclaim for failure to pay the last two invoices totaling $6160.41 was not resolved by the court.